# EXHIBIT A

Case 25-00135-amc    Doc 5-1    Filed 09/02/25    Entered 09/02/25 15:34:55    Desc
Exhibit A    Page 2 of 121
Case 25-00135-amc    Doc 6    Filed 09/02/25    Entered 09/02/25 15:38:31    Desc order
of non-compliance_adv    Page 1 of 1

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

In re:

Williams v. Neighbor's Quality Homecare, LLC

        Debtor(s)

Angelia Williams                                                 :
        Plaintiff(s)
                                                                 :      Bankruptcy No. 25−10023−amc
−v−
Neighbor's Quality Homecare, LLC                                        Adversary No. 25−00135−amc
        Defendant(s)

### ORDER

AND NOW, this day September 2, 2025 , this Court having implemented its electronic filing system on April 1, 2003 pursuant to Standing Order;

And on October 19, 2004 an amendment of the Standing Order providing that as of January 15, 2005 all attorneys shall file all documents electronically unless a prior waiver or extension of the mandatory electronic filing deadline has been secured;[1]

And it appearing that a document styled " Motion for Default Judgment " has not been filed electronically and no waiver or extension of the electronic filing requirement has been secured;

And such non−complying document has been noted on the docket of this Court but has not been filed in the Court's electronic data base;

It is hereby ORDERED that no judicial action shall be taken in connection with a non−complying document and any filing fee accompanying such non−complying document will be contemporaneously returned;

And it is further ORDERED that the non−complying document will be stricken from the docket unless within fourteen (14) days the document and applicable filing fee are submitted in compliance with the Standing Order of this Court.

---

[1] *On December 1, 2003 an amendment of the Standing Order required that any attorney who was not filing electronically file any paper document accompanied by a disc in PDF format and that the failure to do so would result in the striking of such document from the court record upon notice and opportunity to cure. As of that date the Court's document data base has been maintained electronically.*

By The Court

Ashely M. Chan
Chief Judge, United States
Bankruptcy Court

# EXHIBIT B

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: NEIGHBOR'S QUALITY HOMECARE, LLC :
                                          :    Adv. Case No: _____
                                          :    Case No.: 25-10023-amc
                                          :
            **Debtor**                    :
                                          :    Chapter 7
_____:

## ADVERSARY COMPLAINT OBJECTING TO ENTRY OF DISCHARGE
## PURSUANT TO 11 U.S.C. §§ 727(A) AND (C)

### TO THE COURT AND ALL PARTIES IN INTEREST:

Baby Jenkins and Angelia ("Ang") Williams (collectively, "Williams"), Plaintiffs and

Creditors of the above-named Debtor, Neighbor's Quality Homecare, LLC ("Defendant"),

hereby object to the entry of discharge in the above-entitled bankruptcy case pursuant to 11

U.S.C. § 727(a) and 727(c) and Rule 4004 of the Federal Rules of Bankruptcy Procedure,

and allege as follows:

### INTRODUCTION

1. This is an action to object to entry of discharge in the chapter 7 bankruptcy case of

   Defendant Neighbors Quality Health Care, LLC, case number 25-10023-amc,

   pending in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania.

2. Defendant is not eligible for discharge as a debtor in its bankruptcy case pursuant to

   11 U.S.C. §§ 727(a)(2)(A) and 727(a)(2)(B).

## JURISDICTION

3. This Court has jurisdiction of this adversary proceeding pursuant to 11 U.S.C. § 727.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

## VENUE

5. Venue is proper under 28 U.S.C. § 1409.

## PARTIES

6. Plaintiff, Angelia Williams, ("Plaintiff Ang Williams") is an adult individual residing at 216 Fieldstone Crossing Drive, Bear, Delaware 19701-1954, along with her partner, Plaintiff Baby Jenkins Williams (individually and collectively, "Williams" or "Plaintiffs").

7. Plaintiff, Baby Jenkins Williams, ("Plaintiff Baby Williams") is an adult individual residing at 216 Fieldstone Crossing Drive, Bear, Delaware 19701-1954, along with her partner, Plaintiff Ang Williams (individually and collectively, "Plaintiffs", or the "Williams").

8. Defendant, Neighbors Quality Home Care, LLC ("Defendant Neighbors" or "Neighbors") is a Pennsylvania Domestic Limited Liability Company, organized and existing under the laws of the Commonwealth of Pennsylvania, with its registered office located at 1653 North 7th Street, Philadelphia, Pennsylvania 19122-2914.

2

## BACKGROUND AND FACTUAL ALLEGATIONS

9. On January 3, 2025, Defendant filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code ("Petition Date"), thereby initiating bankruptcy case number 25-10023-amc, in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania ("Bankruptcy Case").

10. This case involves a "bait and switch" fraud in the inducement, and an outright fraudulent business transaction perpetrated by Melissa Grayson (hereinafter "Grayson,") and by and through her homecare nursing company, Neighbor's Quality Homecare, LLC (hereinafter "Neighbors"). Grayson alleges and perjures herself, in her bankruptcy Chapter 7 petition, that she is the sole owner of Neighbors, but that is not true. Claimants Baby Jenkins and Ang Williams (hereinafter collectively referred to as "Williams",) are minority owners. Grayson has or had another owner/partner, Charita Brown (hereinafter "Brown") but Claimants have no knowledge of her current ownership status. However, on July 25, 2022, Grayson and Brown entered into a sales agreement whereby Brown would purchase 50% of Neighbors for Seventy-Five Thousand Dollars ($75,000) and be the sole owners of Neighbors. Please see Exhibit A.

11. From the terms of the Partnership Agreement, and the accompanying cancelled checks that are attached in Exhibit A, *infra*, it is clear that Williams paid Grayson and her then partner, Charita Brown, Thirty-five Thousand ($35,000.00) Dollars on September 22, 2022, and Thirty-five Thousand ($35,000.00) Dollars on September 23, 2022. As supported in the

3

contents of the Partnership Agreement, Sixty Thousand ($60,000.00) Dollars were for the purchase of a Twenty (20%) Percent Interest in the company known as Neighbors Quality Home Care, and the additional Ten Thousand (10,000.00) Dollars were for a loan to Grayson. Yet, Grayson never identified Williams in her Chapter 7 Filing on January 3, 2025, as partners and co-owners. Instead, she falsely listed Williams as a loan to be written off. Moreover, within the contents of the Partnership Agreement, Williams declared that the Partnership Agreement would be "Legally Binding" [please see Clause 5 of the Partnership Agreement]. Please also see Exhibit B, the Partnership Agreement between Grayson, Brown, and Williams, which is attached hereto and incorporated herein by reference. The fact that Grayson has lied about Williams' existence and part ownership does not make their ownership any less factual.

12. In the Partnership Agreement A, Clause 2, Grayson agreed that: "If Melissa Grayson breaches the terms of the contract, and fails to repay initial investments to partners, partners can attach a lien against Melissa Grayson's personal property located at 11 Keeneland Court, Bear, DE 19701-3320 for initial investment recovery." Yet again, Grayson completely ignores this contractual obligation in her Chapter 7 Bankruptcy Petition.

13. Immediately after Grayson received the $70,000.00 from Williams, she locked them out of Neighbors' registered office located at 1653 North 7th Street, Philadelphia, Pennsylvania 19122-2914, and severed all communications with them.

4

14. While Grayson has filed a Chapter 7 Bankruptcy in Pennsylvania because of the situs of Neighbors, registered office, it does not protect her primary residence because Grayson pledged the house as collateral for the Williams ownership. Please see Exhibit A, *supra*. Attempting to hide the collateral is another example of Grayson's overt pattern of fraud. However, if this Honorable Court deems that Delaware law controls regarding the pledge of her Delaware residence, Grayson is only permitted to keep the first Two Hundred Thousand Dollars ($200,000.00) of equity in her primary residence.

15. Another example of Grayson's deliberate attempt to defraud Williams was her clandestine negotiations with Citadel Home Care NJ, LLC (hereinafter "Citadel"). Citadel was interested in making a legal business deal with Neighbors. In fact, Grayson used Williams' contribution of $70,000.00 to deceive Citadel as to the true numbers of Neighbors' income stream. However, Grayson never mentioned Williams in her direct negotiations with Citadel, and definitely did not disclose that the Williams were her minority partners. +Please see Exhibit C, Membership Interest Partnership Agreement, dated November 23. 20220—a mere two months after receiving the $70,000.00 from Williams. Also, please note that Williams, then owning 20% of Neighbors, was not included in the Membership Interest Purchase Agreement between Neighbors and Citadel. Note that only Grayson signed the agreement on behalf of Neighbors. Grayson listed herself as "sole member, CEO and President" of Neighbors—all of which are total fabrications. Missing were the names of Brown, and Williams. Subsequently, Citadel, while

conducting a background check, discovered the existence of Williams and entered into direct negotiations with their legal counsel, totally independent of Grayson. Please note that despite Grayson falsely claiming that Charita Brown was directing all activities, legal and illegal, it is only Grayson's name that appears on the Purchase Agreement between Neighbors and Citadel. And it was solely Grayson who entered into negotiations on behalf of Neighbors.

16. In fact—and most egregious of all—was Grayson's double dealing with her erstwhile 40% partner, Sharita Brown. Grayson and Brown had concocted a scheme whereby extra income would be generated for Neighbors by Brown, submitting to Neighbors overtime charges that a single individual could not possibly fulfill. The scheme called for the charging of in-home care services, for services that were never performed. Grayson now claims that Sharita Brown duped her about the fraudulent up charging. But Grayson never stated or accused Brown of fraud during the negotiations of Williams purchase, nor did she blame Brown to the U. S. Government when Neighbors was charged with the employment fraud. The U.S Department of Labor charged only Grayson and Neighbors for fraud. Surely an innocent person would have brought the purported guilty party, Sharita Brown, into a lawsuit—please see Exhibit D, the Complaint filed by the United States Department of Labor against Neighbors and Melissa Grayson. But Grayson did not. Instead, Grayson signed a Consent Agreement with the Department of Labor, accepting total and sole guilt for violations of the Fair Labor Standards Act of 1938. Please see Exhibit E.

17. On September 6, 2023, Williams filed a lawsuit against Grayson, Neighbors, and Brown. Included in the lawsuit are counts for Breach of Contract, Breach of Fiduciary Duties, Fraud, and Tortious Conduct. Williams asserts and believes that the Chapter 7 Bankruptcy Petition filed by Grayson is a perpetuation of Grayson's fraudulent business dealings and a weaseling way to avoid her legal obligations to Williams. Accordingly, it should not be permitted. Please see Exhibit F, which is attached herewith and incorporated herein by reference.

18. Grayson's violent actions are also dangerous—*and* criminal. On or about November 7, 2023, Grayson got out of the car she was driving when she spotted Baby Williams stopping at a "Red" traffic light in front of her. She went over to Baby Williams' car, opened the left hand driver's door, and physically attacked Ms. Williams with enough force that Ms. Williams required immediate medical treatment. Corrine M. Rhodes, MD, MPH at Penn Medicine treated Ms. Williams within ten minutes after the vicious, unprovoked attack. Please see Exhibit G, the treatment letter from Dr. Rhodes.

19. Williams' investment share of Neighbors is now worth an estimated $560,000.00 as investigated, analyzed, and reported by Asad Kahn, who is an experienced financial analyst. Mr. Kahn's report was submitted to the undersigned counsel for Plaintiffs, Lechter & Sasso, P.C., on November 29, 2024. Asad Kahn's business evaluation and résumé are attached hereto and incorporated herein as Exhibit H.

## FIRST CAUSE OF ACTION—FRAUD IN THE INDUCEMENT
## TO SELL 20% OF NEIGHBORS TO WILLIAMS

(For a Determination That Defendant's Debts Are Not Dischargeable
Pursuant to 11 U.S.C. §727(a)(2)(A))

20. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 19 above, as though set forth fully herein.

21. Grayson deliberately set a trap for Williams so that they would give her "bridge funds", to entice Citadel to buy Neighbors at an inflated price, using the Seventy Thousand ($70,000.00) Dollars that Williams dispersed to her, believing that they were purchasing Twenty (20%) Per Cent of Neighbors. The Purchase Agreement, Exhibit A *supra,* proves that fact. By her own admission, in this Honorable Court, Grayson dismissed the purchase agreement "as just a loan." However, the terms of the "Purchase Agreement" explicitly refute that false statement. Grayson thought she could get away with lying about the Purchase Agreement, but the document speaks to the truth. Once Grayson locked out Williams, she proceeded with negotiations with Citadel as if she were the sole owner of Neighbors.

22. Also in the Creditors meeting held on February 3, 2025, Grayson "played dumb," stating that she didn't know what was transpiring at Neighbors because she was away getting an "advanced" degree. However, only Grayson dealt with Neighbors, as both Williams and Citadel have attested.

23. Upon information and belief, Defendant, with the intent to hinder, delay, or defraud the Plaintiff Creditors, transferred or removed, or permitted to be transferred or removed, Defendant's property.

8

24. By transferring or removing, or permitting the transfer or removal of, Defendant's property with the intent to hinder, delay, or defraud at least one of its creditors, Defendant violated the provisions of 11 U.S.C. § 727(a)(2)(A).

## SECOND CAUSE OF ACTION—FRAUD

(For a Determination That Defendant's Debts Are Not Dischargeable
Pursuant to 11 U.S.C. §727(a)(2)(B))

25. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 19 above, as though set forth fully herein.

26. Grayson and Neighbors come to this court with unclean hands and have committed outright fraud. Grayson violated the labor laws of the United States Government for which she was caught and penalized through a consent decree, and defrauded our clients if not only the hard earned money they gave her for a percentage of the company, but also for the loan they gave her, and the return on the investment that she deprived them of earning. Moreover, Williams witnessed Grayson take funds from Neighbors, not for expanding the business but for large purchases of high-end fashion clothes.

27. Upon information and belief, Defendant, with the intent to hinder, delay, or defraud the Plaintiff Creditors, transferred or removed, or permitted to be transferred or removed, Neighbors' property interest.

28. By transferring or removing, or permitting the transfer or removal of, Defendant's property with the intent to hinder, delay, or defraud at least one of its creditors, Defendant violated the provisions of 11 U.S.C. § 727(a)(2)(B).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the entry of judgment against Defendant as follows:

1. That the Court determine that the debts of Defendant be ruled nondischargeable because Defendant, with the intent to hinder, delay, or defraud a creditor, transferred or removed, or permitted to be transferred or removed, her property, within one year before the date of the filing of the petition in violation of the provisions of 11 U.S.C. § 727(a)(2)(A); and/or

2. That the Court determine that the debts of Defendant be ruled nondischargeable because Defendant, with the intent to hinder, delay, or defraud a creditor, transferred or removed, or permitted to be transferred or removed, her property, within one year before the date of the filing of the petition in violation of the provisions of 11 U.S.C. § 727(a)(2)(B);

3. For an award of attorney's fees as allowable by law in an amount the Court determines to be reasonable;

4. For costs of suit herein incurred; and

5. For such other and further relief as this Court deems just and proper.

# EXHIBIT C

## IN THE COURT OF COMMON PLEAS
## OF PHILADELPHIA COUNTY, PENNSYLVANIA

ANGELIA WILLIAMS                          :
                                          :
        and                               :
                                          :
BABY JENKINS WILLIAMS                     :
                                          :
                Plaintiffs,               :     CIVIL ACTION
                                          :     JURY TRIAL DIVISION
                                          :
        v.                                :     August Term, 2023
                                          :     No. 230900521
MELISSA GREER-GRAYSON                     :
                                          :     This is Major Jury Matter
        and                               :
                                          :
NEIGHBORS QUALITY HOME CARE, LLC          :
                                          :
        and                               :
                                          :
CHERITA M. BROWN                          :
                                          :
                Defendants.               :
                                          :

## PRAECIPE TO REMOVE DEFENDANT CHERITA M. BROWN

TO THE PROTHONOTARY:

    Please issue a Writ to remove Cherita M. Brown as a Defendant in

this action.

Defendants                         Melissa Greer-Grayson
                                   Neighbors Quality Home Care, LLC
                                   Cherita M. Brown


                         Lechter & Sasso, P.C.


                 By:     _Ernest Sasso_____
                         Ernest Sasso, Esquire
                         Pennsylvania Attorney I.D. No. 34883
                         Lynne Kessler Lechter, Esquire
                         Pennsylvania Attorney I.D. No. 59815
                         1845 Walnut Street, 25th Floor
                         Philadelphia, Pennsylvania 19103-4725
                         (215) 564-6000 [Telephone]
                         (215) 598-0977 [Fax]
                         sasso@lechtersasso.com [E-Mail]
                         lechter@lechtersasso.com [E-Mail]

                         Attorneys for Plaintiffs, Angelia Williams
                         and Baby Jenkins Williams

Dated: April 17, 2025

# EXHIBIT D

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**AUGUST 2025**                    **00159**

E-Filing Number: 2507073126

| | |
|---|---|
| **PLAINTIFF'S NAME**<br>CHERITA BROWN | **DEFENDANT'S NAME**<br>ANGELIA WILLIAMS |
| **PLAINTIFF'S ADDRESS**<br>715 WEST FISHER AVE PHILADELPHIA<br>PHILADELPHIA PA 19120 | **DEFENDANT'S ADDRESS**<br>216 FIELDSTONE CROSSING DRIVE<br>BEAR DE 19701 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>BABY JENKINS-WILLIAMS |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>216 FIELDSTONE CROSSING DRIVE<br>BEAR DE 19701 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>LYNN LECHTER |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>1845 WALNUT STREET, 25TH FLOOR PHILADELPHIA<br>PHILADELPHIA<br>PHILADELPHIA PA 19103 |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 5 | [X] Complaint    [ ] Petition Action    [ ] Notice of Appeal<br>[X] Writ of Summons    [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | |
|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce    [ ] Settlement<br>[ ] Minor Court Appeal    [ ] Minors<br>[ ] Statutory Appeals    [ ] W/D/Survival |

**CASE TYPE AND CODE**

4F - FRAUD

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | IS CASE SUBJECT TO COORDINATION ORDER? |
|---|---|
| **FILED**<br>**PRO PROTHY**<br>JUL 31 2025<br>**B. BALILONIS** | YES    NO |

## TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: <u>CHERITA BROWN</u>

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>CHERITA M. BROWN | ADDRESS<br>715 WEST FISHER AVENUE, PHILAD<br>PHILADELPHIA PA 19120 |
|---|---|
| PHONE NUMBER<br>(267) 978-3648 | FAX NUMBER<br>none entered | |
| SUPREME COURT IDENTIFICATION NO.<br>na | E-MAIL ADDRESS<br>amirah250@gmail.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>CHERITA BROWN | DATE SUBMITTED<br>Thursday, July 31, 2025, 08:53 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

## COMPLETE LIST OF DEFENDANTS:

1. ANGELIA WILLIAMS
   216 FIELDSTONE CROSSING DRIVE
   BEAR DE 19701
2. BABY JENKINS-WILLIAMS
   216 FIELDSTONE CROSSING DRIVE
   BEAR DE 19701
3. LYNN LECHTER
   1845 WALNUT STREET, 25TH FLOOR PHILADELPHIA PHILADELPHIA
   PHILADELPHIA PA 19103
4. ERNIE SASSO
   1845 WALNUT STREET, 25TH FLOOR PHILADELPHIA PHILADELPHIA
   PHILADELPHIA PA 19103
5. LECHTER AND SASSO P.C
   1845 WALNUT STREET 25TH FLOOR
   PHILADELPHIA PA 19103

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet

For Prothonotary Use Only (Docket Number)

**PLAINTIFF'S NAME**
CHERITA M. BROWN

**DEFENDANT'S NAME**
ANGELIA WILLIAMS

**PLAINTIFF'S ADDRESS**
715 WEST FISHER AVE
PHILADELPHIA, PENNSYLANIA 19120-2725

**DEFENDANT'S ADDRESS**
216 FIELDSTONE CROSSING DRIVE
BEAR, DELAWARE 19701-1954

**PLAINTIFF'S NAME**

**DEFENDANT'S NAME**
BABY JENKIN- WILLIAMS

**PLAINTIFF'S ADDRESS**

**DEFENDANT'S ADDRESS**
216 FIELDSTONE CROSSING DRIVE
BEAR, DELAWARE 19701-1954

**PLAINTIFF'S NAME**

**DEFENDANT'S NAME**
LECHTER & SASSO, P.C

**PLAINTIFF'S ADDRESS**

**DEFENDANT'S ADDRESS**
1845 WALNUT STREET ,25TH FLOOR
PHILADELPHIA, PENNSYLANIA 19103-4525

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NO. OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 5 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal |
| | | [ ] Writ of Summons   [ ] Transfer From Other Jurisdictions |

**AMOUNT IN CONTROVERSY**
[ ] $50,000.00 or less
[X] More than $50,000.00

**COURT PROGRAMS**
[ ] Arbitration
[X] Jury
[ ] Non-Jury
[ ] Other:

[ ] Mass Tort
[ ] Savings Action
[ ] Petition

[ ] Minor Court Appeal
[ ] Statutory Appeals
[ ] Commerce (Completion of Addendum Required)

[ ] Settlement
[ ] Minors
[ ] W/D/Survival

**CASE TYPE AND CODE (SEE INSTRUCTIONS)**
4F - FRAUD
1C - CONTRACT

**STATUTORY BASIS FOR CAUSE OF ACTION (SEE INSTRUCTIONS)**

**RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)**

**IS CASE SUBJECT TO COORDINATION ORDER?**
Yes   No
[ ]   [ ]
[ ]   [ ]
[ ]   [ ]

**TO THE PROTHONOTARY:**

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant:

Papers may be served at the address set forth below.

**NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY**

**ADDRESS (SEE INSTRUCTIONS)**

**PHONE NUMBER**

**FAX NUMBER**

**E-MAIL ADDRESS**

**SUPREME COURT IDENTIFICATION NO.**

**SIGNATURE**

**DATE**

Case ID: 250800

01-101 (Rev. 6/08)

Court of Common Pleas of Philadelphia County
Trial Division

# Civil Cover Sheet
## *(Supplemental Parties)*

| | For Office of Judicial Records Use Only (Docket Number) |
|---|---|

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | LYNN LECHTER |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 1845 WALNUT STREET ,25TH FLOOR<br>PHILADELPHIA, PENNSYLANIA 19103-4525 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | ERNIS SASSO |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | 1845 WALNUT STREET ,25TH FLOOR<br>PHILADELPHIA, PENNSYLANIA 19103-4525 |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

| PLAINTIFF'S NAME | DEFENDANT'S NAME |
|---|---|
| | |

| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |
|---|---|
| | |

Case ID: 250800159

01-102

# FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## COURT OF COMMON PLEAS OF PmLADELPHIA

CHERITABROWN

AUGUST TERM , 2025

CASE NO:

Plaintiff,

COMPLAINT

v.

ATTORNEYLYNNELECHTER
AND
ATTORNEY ERNIE SASSO
AND
LECHTERAND SASSO LAW FIRM, PC
AND
BABY JENKIN -WILLIAMS
AND
ANGELIA WILLIAMS

Defendants.

**NOTICE TO DEFEND**

## NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and fding in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

**Philadelphia Bar Association
Lawyer Referral and
Information Service 1101
Market St., 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333**

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Dace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notifi.cacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero sujiciente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal*

**Asociacion De Licenciados De
Filadelfia
Servicio De Referencia E
Informacion Legal 1101
Market St., 11th Piso
Filadelfia, Pennsylvania 19107
(215) 238-6333**

Case ID: 250800

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY, PENNSYLVANIA

### CIVIL ACTION

**CHERITA BROWN**

Plaintiff,

v.

**ATTORNEYLYNNELECHTER**

AND

**ATTORNEY ERNIE SASSO**

AND

**LECHTER AND SASSO LAW FIRM, P.C**

AND

**BABY JENKIN -WILLIAMS**

AND

**ANGELIA WILLIAMS**

Defendants.

JURY TRIAL DIVISION

·AUGUST TERM, 2025

Case No.:

**COMPLAINT**

## COMPLAINT

PLAINTIFF, **Cherita Brown** (hereinafter "Plaintiff") proceeding *pro se,* brings this complaint for damages against DEFENDANTS **Lechter and Sasso Law Firm, P.C, Attorney Lynne Lechter, Attorney Ernie Sasso, Angelia Williams,** and **Baby Jenkin-Williams** (individually and collectively, "Defendants") and alleges as follows:

Case ID: 250800

## PARTIES

1. Plaintiff Cherita Brown is a resident of 715 West Fisher Avenue, Philadelphia, PA 19120, and a citizen of the Commonwealth of Pennsylvania.

2. Defendant Lechter and Sasso, P.C. ("Defendant Law Firm") is a law firm with its principal place of business at 1845 Walnut Street, 25th Floor, Philadelphia, PA 19103, and is a citizen of the Commonwealth of Pennsylvania.

3. Defendant Attorney Lynne Lechter ("Defendant Lechter") is a licensed Pennsylvania attorney (Attorney ID 59815) with a principal place of business at the above address.

4. Defendant Attorney Ernie Sasso ("Defendant Sasso") is a licensed Pennsylvania attorney (Attorney ID 34883) with a principal place of business at the above address.

5. Defendants Angelia Williams ("Defendant Angelia") and Baby Jenkin-Williams ("Defendant Baby") are a married couple residing at 216 Fieldstone Crossing Drive, Bear, Delaware 19701-1954, and are citizens of the State of Delaware.

## JURISDICTION AND VENUE

6. Jurisdiction is proper under Pennsylvania law because the actions underlying this complaint occurred in Philadelphia County, Pennsylvania.

7. Venue is proper in Philadelphia County pursuant to Pa. R.C.P. 1006 as the Defendants conduct business here and the events in question arose in this jurisdiction.

## FACTUAL BACKGROUND

8. In or around September 2023, Defendant Sasso of Lechter and Sasso Law Firm, P.C., on behalf of Defendants Angelia Williams and Baby Jenkin-Williams, initiated civil proceedings naming Plaintiff Cherita Brown as one of the defendants (see Exhibit A).

9. On or before January 8, 2024, Plaintiff Cherita Brown and Defendants Angelia and Baby Williams (a married couple) entered a verbal agreement of 10,000.00 US dollars to resolve Plaintiff involvement in pending litigation with Defendants.

10. On or about January 9, 2024, Defendant Baby provided Plaintiff with documentation via text message confirming that Attorney Lynne Lechter was notified via email of the fulfillment of all fiduciary duties owed to Defendants by Plaintiff. (see Exhibit B).

Case ID: 250800015

11. On or after January 12, 2024, Plaintiff and Defendants Angelia Williams and Baby Jenkin-Williams executed a notarized written settlement agreement, releasing Plaintiff from all obligations related to the pending civil litigation (see Exhibit C).

12. Defendant Angelia emailed Plaintiff a copy of the signed and notarized settlement agreement On or after January 16, 2024, and confirmed that attorneys Lynne Lechter and Ernie Sasso had received copies (see Exhibit D).

13. On or after January 26, 2024, Defendant Baby voluntarily sent Plaintiff emailed documentation via text message indicating Defendant Lechter acknowledged the settlement agreement and confirmed Plaintiff removal from the civil litigation (see Exhibit E).

14. Paragraph 8 of the executed Settlement Agreement, titled "Termination of Legal Proceedings" expressly states that the agreement is accepted by Releasors-Defendants Angelia and Baby Williams – as full and final satisfaction and settlement of any court proceedings related to the dispute.

Case ID: 2508001

15. Pursuant to Paragraph 8 (a), the Releasors-Defendants Angelia and Baby Williams – expressly covenant, agree, and represent that they "shall forthwith wholly discontinue the court proceedings"

16. Paragraph 6 of the Settlement Agreement further provides that the Agreement "contains the entire agreement between the parties to this settlement", and that "the terms of this Agreement are contractual and not mere recital"..

17. These provisions confirm the Williams Defendants' clear legal obligation to cease all litigation involving Plaintiff and prevent her further inclusion in any legal proceedings related to the matter.

18. Despite the settlement executed on or after January 12, 2024, Defendant Sasso filed an expert witness evaluation on or after December 5, 2024, with the Office of Judicial Records with Plaintiff still attached as a defendant. (see Exhibit F).

19. On or after December 17, 2024, Plaintiff issued a Letter of Intent to Sue via email to defendants after discovering she was still attached as a defendant in the pending civil litigation, despite the settlement agreement signed on January 12, 2024. (see Exhibit G).

20. Defendant Lechter responded to Plaintiff via email On or after December 17, 2024, supplying a Writ of Removal documentation dated July 3, 2024, and signed by Defendant Sasso. (see Exhibit H)

21. Plaintiff contacted the City of Philadelphia Judicial of Records Office On or after December 17, 2024, to confirm that the Writ to Removal documentation had been filed, per civil docket Plaintiff is still attached as defendant with no filing of Writ to Removal documentation.

22. On or after December 17, 2024, The plaintiff notified all Defendants immediately via email of this discovery, Defendant Baby responded via email confirming she had advised Plaintiff she was no longer named in litigation, and was very concerned the Writ of Removal documentation had not been filed. Defendant Baby assured Plaintiff the matter will be rectified by Monday December 23, 2024.
(see Exhibit I)

23. On or after December 18, 2024, Defendant Lechter emailed Plaintiff, stating the writ of removal documentation had been filed with City of Philadelphia Judicial of Records Office and it's up to the courts to proceed. Defendant Lechter also stated in

this email that she and Defendant Sasso were unaware of the agreement or its terms. (see Exhibit J)

24. Both statements made in Defendant Lechter email on or after December 18, 2024, are false and misleading. Defendant Baby voluntarily provided documentation to Plaintiff that Defendant Lechter acknowledge on January 26, 2024, of settlement agreement by Defendant Lechter own email to Defendant Baby. The civil docket had no record of Writ of Removal filed.

25. On or after March 14, 2025, The Plaintiff received a mailed notice from the City of Philadelphia Office of Judicial Records regarding a settlement conference. The notice scheduled an in-person settlement conference for April 10, 2025, at 10:00AM. The Plaintiff was concerned as she was still listed as a Defendant despite being assured of her removal from pending litigation in December 2024, in accordance with the settlement agreement executed on January 12, 2024, and email correspondences by defendants in December 2024. (see Exhibit K)

26. On or after April 10, 2025, Plaintiff attended the settlement conference with Defendant Lechter and Defendant Sasso in attendance before Pro Tempore Judge Josephine Patti, Esquire. During the conference, Defendant Lechter and Defendant Sasso advised Pro Tempore Judge Josephine Patti, Esquire that

Case ID: 250800015

Neighbors Quality Homecare, LLC—a party to the litigation—had filed for bankruptcy on January 3, 2025. As a result, Judge Patti stated the case would be STAYED pending the outcome of the bankruptcy proceedings.

27. The Plaintiff presented Pro Tempore Judge Josephine Patti, Esquire with a copy of the settlement agreement and Writ of Removal documentation that was provided to Plaintiff by Defendant Lechter to demonstrate that she should no longer be a party to the pending litigation. After reviewing Plaintiff's documentation, Pro Tempore Judge Josephine Patti, Esquire advised Defendants Lechter and Defendant Sasso that she would postpone entering the STAYED order for one week, until April 17, 2025, to give them time to formally remove Plaintiff from the case. Pro Tempore Judge Josephine Patti, Esquire gave Defendants Lechter and Defendant Sasso clear and specific verbal instructions to submit the appropriate documentation to remove Plaintiff prior to the issuance of her STAYED ruling, in order to ensure that Plaintiff would not remain attached to the litigation thereafter.

28. On or about April 4, 2025, Defendant Sasso, acting on the behalf of Defendants Angelia and Baby filed an Adversary Compliant with the United State Bankruptcy Court. (Exhibit L)

29. In Paragraph 10 of the Adversary Complaint, Defendant Sasso identified Plaintiff as an "owner/partner" and expressly acknowledged Plaintiff 40% ownership interest in the business entity at issue.

30. In Paragraph 16 of the same filing, Defendant Sasso referred to Plaintiff in a highly egregious and defamatory manner, alleging Plaintiff 's involvement in misconduct without any basis of fact. These allegations were accompanied by exhibits that actual excluded Plaintiff and contradicted Defendant Sasso's assertion.

31. Defendant Sasso inclusion of Plaintiff in the Adversary Compliant was malicious, factually unsupported, and with full knowledge of the prior settlement agreement. These filings perpetuated Plaintiff's improper involvement in legal proceeding breach of terms in the prior settlement agreement and caused further reputational harm.

32. On or after April 16, 2025, Plaintiff reviewed the civil docket to confirm the removal from pending litigation, the civil docket still reflects Plaintiff attachment to case. Plaintiff immediately emailed Defendants; Defendant Lechter responded confirming defendants were allotted a week to complete the given task by Pro Tempore Judge Josephine Patti, Esquire. Defendant Lechter also made a retaliatory threat to involve Bankruptcy Court over Plaintiffs' title on email. (See Exhibit M)

33. As of the date of filing this Complaint, Plaintiff remains wrongfully entangled in ongoing litigation, despite her full compliance with the settlement terms and multiple assurances from Defendants that she would be removed. Due to the actions Defendant Lechter and Defendant Sasso -attorneys' for the Williams' Defendant-failing to remove Plaintiff ultimately prolonged Plaintiff involvement in pending litigation as a defendant.  **(see Exhibit N)**

# COUNT I – BREACH OF CONTRACT

34. Plaintiff incorporates Paragraphs 1 through 33 as if fully set forth herein.

35. The plaintiff satisfied the $10,000.00 us dollars settlement payment to Defendants Angelia and Baby Williams as part of a verbal and later notarized written agreement to resolve pending litigation on or after January 8, 2024.

36. On or about January 12, 2024, Plaintiff and the Williams' Defendants executed a notarized Settlement Agreement releasing Plaintiff from any litigation obligations.

37. Defendants Angelia confirmed their attorneys were notified and provided a copy of this agreement when she emailed Plaintiff on or about January 16,2024. Yet

Defendant Sasso filed court documents on December 5, 2024, continuing to identify Plaintiff as a defendant.

38. The settlement Agreement explicitly provides in Paragraph 8 that the Releasors-Defendants Angelia and Baby Williams – shall forthwith discontinue the court proceedings involving Plaintiff. Their failure to do so, and their continued involvement of Plaintiff through their attorneys in subsequent filings, constitutes a clear breach of that provision.

39. Furthermore, Paragraph 6 of the Settlement Agreement states that it contains the full and binding agreement between the parties, reinforcing that all subsequent litigation naming Plaintiff is in violation of a legally binding contract.

40. The plaintiff remained named as defendant in the case late as April 22, 2025, when Judge Patti Deferred Stayed the case due Bankruptcy Proceeding, which has Plaintiff further attached to civil proceeding, this violates the terms of the agreement.

41. The actions of Defendants Lechter and Defendant Sasso legal counsel for the Williams' Defendants, failing to remove Plaintiff from civil litigation after having actual notice and acknowledgement of executed notarized settlement agreement, and directed by Judge Patti to file correct documentation to remove Plaintiff constitutes assistance to a breach of signed agreement. Moreover, their conduct violates the

Case ID: 250800159

Pennsylvania Rules of Professional Conduct, specifically Rule 1.2(d), which

provides:

**Rule 1.2(d):** *"A lawyer shall not counsel a client to engage, or assist a client, in conduct that the lawyer knows is criminal or fraudulent, but a lawyer may discuss the legal consequences of any proposed course of conduct with a client and may counsel or assist a client to make a good faith effort to determine the validity, scope, meaning or application of the law."*

42. The Pennsylvania Supreme Court has acknowledged that third parties may assert claims for breach of contract when they are intended beneficiaries. *(Guy v. Liederbach, 459 A.2d 744 (Pa. 1983).*

43. The plaintiff suffered damages including financial harm, emotional distress, and reputational damage.

## COUNT II – FRAUD

44. Plaintiff incorporates Paragraphs 1 through 43 as if fully set forth herein.

45. Defendant Lechter knowingly misrepresented the status of Plaintiff's removal from litigation with the intent to deceive Plaintiff and induce reliance on those misrepresentations. Defendant Lecter acknowledge the settlement agreement on or after January 26, 2024.

Case ID: 250800

46. Defendant Sasso filed court documents on or about December 5, 2024, despite knowledge of the executed agreement, and Defendant Sasso prepared and signed Writ of Removal documentation on or about July 3, 2024. These actions were fraudulent and intended to deprive Plaintiff of the benefit of the agreement.

47. Defendant Sasso actions were undertaken with intent to mislead the courts and Plaintiff, and to unlawfully continue litigation against Plaintiff in direct contradiction to the agreed -upon terms.

48. The litigation privilege does not protect to fraudulent conduct, as held in *Moses v. McWilliams, 549 A.2d 950 (Pa. Super. Ct. 1988)*, where the court emphasized that knowingly false representations causing harm are actionable.

49. Defendants' Lecter and Sasso conduct constitute fraud and deceit, Defendants' Lecter and Sasso licensed attorneys violated PA Rule of Professional Conduct 8.4(a)(c).

(a) *violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;  court*

(c) *engage in conduct involving dishonesty, fraud, deceit or misrepresentation, except that a lawyer may advise, direct, or supervise others, including clients, law enforcement officers, and investigators, who participate in lawful investigative activities;*

50. The plaintiff suffered resulting financial harm, including reputational and emotional distress.

Case ID: 2508001

## COUNT III – NEGLIGENT MISREPRESENTATION

51.  Plaintiff incorporates Paragraphs 1 through 44 as if fully set forth herein.

52. Defendants Lechter and Defendant Sasso, licensed attorneys, made material misrepresentations regarding the status of Plaintiff's removal from litigation, including claiming court documentation filings were made which were not.

53. Defendant Lechter falsely claimed to Plaintiff that the removal documentation had been filed and that she and Defendant Sasso were unaware of the settlement, despite evidence to the contrary that was voluntarily provided to Plaintiff from Defendants Baby and Angelia.

54. Under Pennsylvania law, a duty of care applies under Section 552 of Restatement (Second) of Torts, as recognized when an attorney provides information to a non-client, especially where that information is expected to be relied upon, which allows a party to recover for economic harm caused by negligent misstatements. In *Bilt-Rite Contractors, Inc. v. The Architectural Studio, 866 A.2d 270 (Pa. 2005)*, the court held that professionals may be held liable to third parties who rely on their information in the course of business.

Case ID: 250800159

55. Defendants' conduct violated PA Rule of Professional Conduct 4.1(a)(b).

> *Rule 4.1 PA. Rule of Conduct- Truthfulness in Statements to Others*
>
> *(a)(b) and comment Misrepresentation [1]*
>
> *In the course of representing a client a lawyer shall not knowingly:*
>
>> (a) *make a false statement of material facts or law to a third person; or,*
>>
>> (b) *fail to disclose a material fact to a third person when disclosure is necessary to avoid aiding and abetting a criminal or fraudulent act by a client, unless disclosure is prohibited by Rule 1.6.*
>
> *Comment:*
>
> *Misrepresentation [1] A lawyer is required to be truthful when dealing with others on a client's behalf, but generally has no affirmative duty to inform an opposing party of relevant facts. A misrepresentation can occur if the lawyer incorporates or affirms a statement of another person that the lawyer knows is false. Misrepresentations can also occur by partially true but misleading statements or omissions that are the equivalent of affirmative false statements. For dishonest conduct that does not amount to a false statement or for misrepresentations by a lawyer other than in the course of representing a client, see Rule 8.4.*

56. The plaintiff reasonably relied on those misstatements to her detriment and suffered

damages.

## COUNT IV – TORTIOUS INTERFERECE WITH CONTRACTUAL RELATIONS

57. Plaintiff incorporates Paragraphs 1 through 50 as if fully set forth herein.

58. Defendants Lechter and Defendant Sasso, licensed attorneys, knowingly interfered

with the terms of the settlement agreement by failing to remove Plaintiff from civil

litigation, despite knowledge of the settlement agreement that was executed January

Case ID: 250890

12,2024, 2024. Due to the failed actions of Defendant Lechter and Defendant Sasso, Plaintiff involvement was intentionally prolonged in civil litigation late as April 22, 2025.

59. Defendant Lechter and Defendant Sasso conduct interfered with Plaintiff's contractual rights and constitutes tortious interference under Pennsylvania law. In *Chasan v. Pierce, 711 F. Supp. 2d 561 (E.D. Pa. 2010)*, the court recognized that attorneys may be liable for improper interference with contractual relations when done with fraud or malice.

60. Defendant Lechter's retaliatory email reference to Plaintiff's title to inform Bankruptcy Court of "President "title on email constituted an abusive tactic of process, violating Rule 4.4(a) of the PA Rule of Professional Conduct .

> *Rule 4.4 PA. Rule of Conduct- Respect for Rights of Third Persons*
> (a) *In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person.*

61. Defendant Lechter and Defendant Sasso actions were intentional, malicious, and lacked legal justification.

62. The plaintiff suffered significant harm as a result, including emotional distress, legal burden, and reputational injury.

63. The plaintiff is entitled to compensatory and punitive damages due to the Defendants' egregious conduct.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests the Court enter judgment in her favor and against Defendants as follows:

1. Compensatory damages in an amount of Five Hundred Thousand (500,000.00),

2. Punitive damages for Defendants' willful and intentional misconduct.

3. Pre-judgment and post-judgment interest.

4. Attorneys' fees and costs; and

5. Such other and further relief as the Court deems just, adequate, and proper.

## JURY DEMAND

Plaintiff requests a trial by jury on all issues triable.

Respectfully submitted on:

Dated: August 2, 2025

By: _____

Plaintiff, *pro se*
CHERITA BROWN

Case ID: 250800159

## VERIFICATION

I verify that the facts set forth in the foregoing document are true and correct to the best of my knowledge, information, and belief.  I understand that statements made herein are made subject to the penalties of 18 P.A. C.S.A. 4904, relating to falsification to authorities.

Dated:  August 2, 2025

By: _____

Plaintiff, *pro se*
CHERITA BROWN

# EXHIBIT A

FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
COURT OF COMMON PLEAS OF PHILADELPHIA

*Filed and Attested by the
OFFICE OF JUDICIAL RECORDS
08 SEP 2023 05:32 pm*

To:

Melissa Greer-Grayson
11 Keeneland Court
Bear, Delaware 19701-1954

Neighbor's Quality Home Care, LLC
1653 North 7th Street
Philadelphia, Pennsylvania 19122-2914

Cherita M. Brown
715 West Fisher Avenue
Philadelphia, Pennsylvania 19120-2725

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisando que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| *You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.* | *Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio; Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.* |
| Philadelphia Bar Association<br>Lawyer Referral<br>and Information Service<br>One Reading Center<br>Philadelphia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 | Asociacion De Licenciados<br>De Filadelfia<br>Servicio De Referencia E<br>Informacion Legal<br>One Reading Center<br>Filadelfia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 |

10-284

Case ID: 230800529

## IN THE COURT OF COMMON PLEAS
## OF PHILADELPHIA COUNTY, PENNSYLVANIA

| | |
|---|---|
| ANGELIA WILLIAMS<br><br>and<br><br>BABY JENKINS WILLIAMS<br><br>                   **Plaintiffs,**<br><br><br>      **v.**<br><br>MELISSA GREER-GRAYSON<br><br>and<br><br>NEIGHBORS QUALITY HOME CARE, LLC<br><br>and<br><br>CHERITA M. BROWN<br><br>                   **Defendants.** | **CIVIL ACTION**<br>**JURY TRIAL DIVISION**<br><br>**August Term, 2023**<br>**No.**<br><br>**This is Major Jury Matter** |

## COMPLAINT

Plaintiffs, Angelia Williams and Baby Jenkins Williams ("Plaintiffs"), by and through their attorneys, Lechter & Sasso, P.C., file the following Complaint against Defendants Melissa Greer Grayson, Neighbors Quality Home Care, LLC, and Cherita M. Brown, (individually and collectively, "Defendants"), demanding a jury trial, and state as follows:

Case ID: 230900529

# I. THE PARTIES

1. Plaintiff, Angelia Williams, ("Plaintiff Angelia Williams") is an adult individual residing at 216 Fieldstone Crossing Drive, Bear, Delaware 19701-1954, along with her partner, Plaintiff Baby Jenkins Williams (individually and collectively, "Plaintiffs"). Plaintiff is, therefore, a citizen of the State of Delaware.

2. Plaintiff, Baby Jenkins Williams, ("Plaintiff Baby Williams") is an adult individual residing at 216 Fieldstone Crossing Drive, Bear, Delaware 19701-1954, along with her partner, Plaintiff Angelia Williams (individually and collectively, "Plaintiffs", or the "Williams"). Plaintiff is, therefore, a citizen of the State of Delaware.

3. Defendant, Melissa Greer-Grayson ("Defendant Grayson") is an adult individual residing at 11 Keeneland Court, Bear, Delaware 19701-3320. Defendant Grayson is, therefore, a citizen of the State of Delaware.

4. Defendant, Neighbors Quality Home Care, LLC ("Defendant Neighbors") is a Pennsylvania Domestic Limited Liability Company, organized and existing under the laws of the Commonwealth of Pennsylvania, with its registered office located at 1653 North 7th Street, Philadelphia, Pennsylvania 19122-2914. Defendant Neighbors is, therefore, a citizen of the Commonwealth of Pennsylvania.

5. Defendant, Cherita M. Brown ("Defendant Brown") is an adult individual residing at 715 West Fisher Avenue, Philadelphia, Pennsylvania 19120-2725. Defendant Brown is, therefore, a citizen of the Commonwealth of Pennsylvania.

## II. VENUE AND JURISDICTION

6. Venue and jurisdiction are proper in this Court in that the Causes of Action that are the subject of this Complaint occurred in the City and County of Philadelphia, Pennsylvania, the situs of Defendant Neighbors Quality Home Care, LLC and the residence of Defendant Cherita M. Brown.

## III. FACTS

7. Plaintiffs incorporate by reference all of the other allegations pled in this Complaint as though set forth fully and at length herein.

8. On Sunday, September 4, 2022, the Plaintiffs were invited to meet with Defendants Grayson and Brown, the owners of Defendant Neighbors. During the meeting Defendants Grayson and Brown explained to the Plaintiffs that they needed $60,000 in cash by Monday, September 5—the next day—to pay the Leviton Law Firm Ltd. or Defendant Neighbors would receive a second FCC filing which would result in the closure of the business entity.

9. Defendants Grayson and Brown asked the Plaintiffs to invest $60,000 in exchange for 20% ownership of the business entity and 20% of the profit of the business entity.

10. On or about September 23, 2022, the Plaintiffs and Defendants Grayson and Brown entered into a Partnership Agreement, whereby it was affirmed that Defendants Grayson and Brown jointly owned 80% of Defendant Neighbors, and for the sale price of $60,000, the Plaintiffs would own 20% of Defendant Neighbors. Please see Exhibit B, which is attached herein and incorporated by reference.

3

11. The Williams paid for their 20% of Defendant Neighbors in two installments: $25,000 was paid on September 9, 2022, with a Visa credit card, and the remaining $35,000 was paid on September 22, 2022, with a Navy Federal Credit Union Cashier's Check (a copy of which is included in Exhibit B). This deal was brokered by the then attorney for Neighbors, Mia Roberts Perez.

12. The essential terms of the Partnership Agreement stipulated that Defendants Grayson and Brown would reimburse the Plaintiffs within eighteen months from September 23, 2022, and that for any purchase offers made, all partners would have the right of first refusal.

13. Notwithstanding the terms of the duly executed Partnership Agreement with the Williams, on or about November 23, 2022, Defendant Grayson totally ignored the shareholder rights of the Plaintiffs and executed a 48-page Membership Interest Purchase Agreement ("Purchase Agreement") with Citadel Home Care NJ, LLC ("Citadel") for an unadjusted Purchase Price—prior to any adjustments in the Purchase Agreement—of Seven Hundred Twenty-Five Thousand ($725,000) Dollars. A true and correct copy of the Purchase Agreement with Citadel is attached herein and incorporated by reference as Exhibit A.

The Purchase Agreement contained the following relevant terms:

a.  upon execution of the Purchase Agreement, a Working Capital Deposit of Fifty Thousand ($50,000) Dollars was to be deposited by Defendant Citadel with Defendant Grayson; and

b.  Defendant Citadel was to deposit the sum of Two Hundred Fifty Thousand ($250,000) Dollars with its counsel, Jeffrey G. DiAmico, Esq. (of the Huntingdon Valley law firm of Semanoff Ormsby Greenberg & Torchia, LLC) acting as its Escrow

Case ID: 230900

Agent until the Closing or earlier termination of the Purchase Agreement.

Thereafter, on the ninety-first (91st) day following the Closing, Citadel was to pay Defendant Grayson the Post-Closing Payment (subject to any adjustments) as set forth in the Purchase Agreement.

14.  Sometime after execution of the Purchase Agreement on November 23, 2022, attorney DiAmico learned of the existence of Defendant Grayson's other shareholders and contacted the Plaintiffs.

15.  In January 2023, Defendant Grayson and a representative named "Mike" from Citadel contacted Plaintiff Baby Williams and engaged in a three-way phone conversation. Mike explained that Ms. Grayson needed Baby Williams' 20% ownership rights to secure majority ownership in order to sell the company, Neighbors Quality Home Care, LLC ("Neighbors"). When Ms. Williams asked about the sale price, Ms. Grayson replied that the sale price was Two Hundred Thousand ($200,000) Dollars—an offer that was rejected by Ms. Williams.

16.  Subsequently, Mike called the Plaintiffs, Baby Williams and Angelia Williams, and engaged in a three-way phone conversation. Mike explained that Citadel wanted to purchase Neighbors for a total of Five Hundred Thousand ($500,000) Dollars.

17.  Ms. Grayson assured the Williams that once the sale was completed and she received all the funds from the sale, she (Ms. Grayson) would pay the Williams the balance of their initial investment and 20% of the sale price, which was One Hundred Thousand ($100,000) Dollars.

5

18. The Williams rejected the offer and asked Mike to pay them 20% of the sale price and the balance of the initial investment directly because they did not deem Ms. Grayson to be trustworthy and reasonably believed that she would not honor the purported agreement.

19. Mike stated that Citadel did not want to get into a dispute with the owners of Neighbors, and that Citadel only wanted the assets of Neighbors and sought to purchase the company as a whole. Mike suggested that the Williams give their 20% ownership stake to Ms. Grayson in return for Citadel holding a portion of the funds from the sale in an escrow account with Citadel, releasing the funds to Ms. Grayson **ONLY** after she paid the Williams. The Williams rejected the offer and asked Mike to pay them, directly.

20. The Williams then asked Mike about Cherita Brown's interest, as she is a 40% owner of Neighbors. Mike replied that he would reach out to his legal team to see if some resolution could be worked out to the benefit of all parties.

21. The Williams' perception that Ms. Grayson was not trustworthy was well-founded—on January 25, 2023, Ms. Grayson unilaterally executed a First Amendment to Membership Interest Purchase Agreement ("First Amendment") on behalf of Neighbors with Citadel. The so-called First Amendment totally excluded the Williams, and divested them of any ownership interest in Neighbors. A true and correct copy of the so-called First Amendment is attached herein and incorporated by reference as Exhibit C.

Case ID: 230900052

22. Subsequently, attorney DiAmico contacted the undersigned Williams' attorneys, Lynne Lechter, Esquire and Ernest Sasso, Esquire of the Philadelphia-based law firm of Lechter & Sasso, P.C.

23. Attorneys representing Ms. Grayson and Ms. Brown have also contacted the Williams' attorneys.

24. During February 2023, Ms. Grayson's attorney forwarded a copy of the Complaint and Consent Judgment between the United States Department of Labor ("DOL") and Ms. Grayson, concomitant with a stipulated fee of approximately One Hundred Sixty-Five Thousand ($165,000) Dollars to be paid by Ms. Grayson. The Consent Judgment was issued by the DOL because Ms. Grayson was accused of diverting Neighbors employee overtime payments to herself. A true and correct copy of the Complaint and Consent Judgment is attached herein and incorporated by reference as Exhibit D.

25. Ms. Grayson, through her attorney, has alleged that Ms. Brown was actually the person guilty for the employee overtime theft. However, because Ms. Grayson had failed to add Ms. Brown and the Williams as shareholders in the corporate entity in the requisite update report to the Pennsylvania Department of State's Corporation Bureau—as required by Pennsylvania law— only Ms. Grayson was held responsible.

26. Ms. Brown has denied any wrongdoing regarding payment of employee overtime hours.

27. However, upon information and belief, to comply with Ms. Brown's and Ms. Grayson's working agreement in exchange for Ms. Brown's investment in Neighbors, Ms. Brown was invoicing Neighbors for a large amount of overtime to reach the total sum of compensation agreed to in the Purchase Agreement made between Ms. Grayson and Neighbors. The Williams attempted to negotiate a settlement with Neighbors and Ms. Grayson, but that attempt failed.

28. Further, and upon information and belief, Ms. Grayson deliberately engaged in off shooting clients from Neighbors to a competitor—in contravention of her role as CEO of Neighbors.

## IV. CAUSES OF ACTION

### COUNT I

### BREACH OF CONTRACT

29. Plaintiffs hereby incorporate all paragraphs of this Complaint as though fully set forth herein at length.

30. It was only after the Citadel purchase offer was made that the Plaintiffs learned of Defendants Grayson and Brown's problems with the DOL. Also, they (the Plaintiffs) learned for the very first time that Ms. Grayson had an outstanding business loan of $50,000 that was not divulged to them (the Plaintiffs) at the time of their investment in the company (Neighbors).

31. Ms. Brown breached the contract by and between the parties by, *inter alia*, not amending the ownership status of Neighbors and filing the required amendment with the Pennsylvania Department of State.

8

32. Ms. Grayson was obligated by the terms of the Partnership Agreement and Purchase Agreement by and between the parties to indemnify the Williams for the loss of their ownership interest in Neighbors.

33. Ms. Grayson breached her obligation to act in good faith and to deal fairly with the Williams by not informing the Williams of the true financial status of Neighbors, and by not offering them a right of first refusal, as agreed upon in ¶ 2 of the [attached] Partnership Agreement.

34. The Williams have suffered loss and damage as a result of Ms. Grayson's failure to follow the terms of their contract with Neighbors.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with costs of suit, interest, and attorneys' fees, as well as any such other relief as the Court deems adequate, just, and proper.

## COUNT II

## BREACH OF FIDUCIARY DUTIES

35. Plaintiffs hereby incorporate all paragraphs of this Complaint as though fully set forth herein at length.

36. As set forth more fully above, Defendant Grayson has breached the fiduciary obligations imposed upon her by, *inter alia*, knowingly, deceptively, and deceitfully misappropriating, wasting, abusing, converting, depleting, and/or divesting substantial assets belonging to Neighbors, namely Plaintiffs' 20% ownership interest.

Case ID: 2309

37. The acts of Defendant Grayson, as alleged more fully herein, were in violation of the trust and confidence reposed in her.

38. Defendant Grayson's foregoing violations of her fiduciary obligations were willful, wanton, malicious, and/or taken with reckless and/or callous disregard for the rights and interests of the Plaintiffs.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with costs of suit, interest, and attorneys' fees, as well as any such other relief as the Court deems adequate, just, and proper.

## COUNT III

## FRAUD

39. Plaintiffs hereby incorporate all paragraphs of this Complaint as though fully set forth herein at length.

40. It is believed and therefore averred that Plaintiffs have suffered irreparable harm and economic loss by Defendant Grayson's illegal activities and blatant violation of the terms of the Partnership Agreement by stripping them of their 20% ownership interest in Neighbors without justification or cause, and without consideration.

41. As a result of her foregoing and disreputable actions, Defendant Grayson has received significant economic benefits from Neighbors for which Defendant Grayson has not provided any corresponding compensation or other equitable benefits to Plaintiffs.

Case ID: 230900

42.  As a direct and consequential result of her actions, Defendant Grayson owes the Plaintiffs full restitution of their 20% ownership interest in Neighbors, in addition to 20% of the profit derived by Neighbors.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with costs of suit, interest, and attorneys' fees, as well as any such other relief as the Court deems adequate, just, and proper.

## COUNT IV

## DAMAGES RESULTING FROM TORTIOUS CONDUCT

43.  Plaintiffs hereby incorporate all paragraphs of this Complaint as though fully set forth herein at length.

44.  The conduct of Defendant Grayson described above constitutes her wrongful and tortious breach of the fiduciary duties she owed to Plaintiffs, as aforesaid in the agreement between the parties.

45.  The conduct of Defendant Grayson described above also constitutes the tortious interference of Plaintiffs' contract with Neighbors.

46.  Solely as a result of Defendant Grayson's wrongful conduct, Plaintiffs were frozen out of Neighbors and deprived of their 20% ownership interest at great financial loss to them that continues to grow, in an amount in excess of $75,000 that has yet to be calculated as a liquid sum.

Case ID: 230300529

47. Solely as a result of Defendant Grayson's wrongful conduct, Plaintiffs were denied the economic benefit they would have received before the said wrongful conduct of Defendant Grayson, resulting in a great financial loss to them that continues to grow, and is in an amount in excess of $150,000.

48. The conduct of Defendant Grayson was willful, wanton, outrageous, and reckless. Clearly, she had no regard to the loss and harm it would inflict on Plaintiffs, and Plaintiffs are thereby entitled to punitive damages.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with costs of suit, interest, and attorneys' fees, as well as any such other relief as the Court deems adequate, just, and proper.

## CONCLUSION

Plaintiffs Angelia Williams and Baby Jenkins Williams demand judgment against all Defendants, jointly and/or severally, for compensatory and punitive damages, exclusive of prejudgment interest, costs, attorney's fees, and post judgment interest in an amount in excess of the local arbitration limits of Fifty Thousand Dollars ($50,000.00), together with costs of suit, interest, and attorneys' fees, as well as any such other relief as the Court deems adequate, just, and proper.

Case ID: 230900529

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial for all issues so triable.

Respectfully submitted,

LECHTER & SASSO, P.C.

By: _____

Ernest Sasso, Esquire
Pennsylvania Attorney I.D. No. 34883
Lynne Kessler Lechter, Esquire
Pennsylvania Attorney I.D. No. 59815
1845 Walnut Street, 25th Floor
Philadelphia, Pennsylvania 19103-4725
(215) 564-6000 [Telephone]
(215) 598-0977 [Fax]
sasso@lechtersasso.com [E-Mail]
lechter@lechtersasso.com [E-Mail]

Attorneys for Plaintiffs, Angelia Williams
and Baby Jenkins Williams

Dated:  September 6, 2023

13

Case ID: 230900523

# EXHIBIT B

6:57

  

**Baby- Angie Wife**

Tue, Jan 9 at 10:53 AM

# Screenshot 2024-01-09 at 10.53.14 AM

The links go to yahoo there is no information.
Lynne Kessler Lechter, Esquire
LECHTER & SASSO, P.C.
1845 Walnut Street, 25th Floor
Philadelphia, Pennsylvania 19103
lechter@lechtersasso.com
215-564-6000; F: 215-598-0977
M: 610-574-0114

> On Jan 8, 2024, at 6:42 PM, Baby Jenkins
<babyjenkins11@yahoo.com> wrote:
>
> Court is tomorrow at 10 am. Cherita has completed
her fiduciary obligations. Please see attached
paperwork
> Thanks[Inline image]
>
> [Inline image]
>
> [Inline image]
>
> [Inline image]
>
> [Inline image]
>
> [Inline image]

Tue, Jan 9 at 7:41 PM



〈

## Re: Hi Everyone                              ☆

From lechter@lechtersasso.com
To Baby Jenkins
Yesterday at 9:13 PM ⌄

The links go to yahoo there is no information.
Lynne Kessler Lechter, Esquire
LECHTER & SASSO, P.C.
1845 Walnut Street, 25th Floor
Philadelphia, Pennsylvania 19103
lechter@lechtersasso.com
215-564-6000; F: 215-598-0977
M: 610-574-0114

> On Jan 8, 2024, at 6:42 PM, Baby Jenkins
<babyjenkins11@yahoo.com> wrote:
>
> Court is tomorrow at 10 am. Cherita has completed
her fiduciary  obligations. Please see attached
paperwork
> Thanks[Inline image]
>
> [Inline image]
>
> [Inline image]
>
> [Inline image]
>
> [Inline image]
>
> [Inline image]
>
> [Inline image]
>
> [Inline image]

    

Delete    Archive    Move    Reply    More

# EXHIBIT C

 Gmail                                                      **Cherita Brown <cheritanqhc@gmail.com>**

## Settlement Agreement
1 message

**ang will** <anglepwms@yahoo.com>                                     Tue, Jan 16, 2024 at 12:34 PM
To: Cherita ABC Brown <cheritanqhc@gmail.com>, Baby Jenkins <babyjenkins11@yahoo.com>

Settlement Agreement was sent to Ernie and Lynne

📄 **Cherita Settlement.pdf**
   281K

## Debt Settlement Agreement

**THIS DEBT SETTLEMENT** (this "Agreement")

BETWEEN:

>Angelia Williams  and Baby Jenkins- Williams
>(collectively the "Releasor")

OF THE FIRST PART

AND

>Cherita Brown
>(the "Releasee")

OF THE SECOND PART

IN CONSIDERATION OF the covenants and agreements contained in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, the parties to this Agreement agree as follows:

### Consideration

1. In consideration of the sum of $10,000.00 USD, paid by certified check, the receipt and sufficiency of which consideration is acknowledged, the Releasor releases and forever discharges the Releasee, the Releasee's spouse, heirs, executors, administrators, legal representatives and assigns from all manner of actions, causes of action, debts, accounts, bonds, contracts, claims and demands which have been or may be sustained as a consequence of the failure of the Releasee to repay in full the debt owed to the Releasor described below.period (full stop)

### Details of Debt

2. It is acknowledged by the parties that the outstanding debt owed by the Releasee to the Releasor is the amount of $10,000.00 USD .

3. The debt arose from: The investment The Williams' made to Neighbors Quality Home Care

### Full and Final Settlement

4. For the above noted consideration, the parties to this Agreement agree not to make claim or take proceedings against any other person or corporation which might claim contribution or indemnity under the provisions of any statute or otherwise.

Case ID: 250800015

5. This Agreement is given in full knowledge that the consideration given, as noted above, is being accepted as full and final satisfaction of the full debt claim.

6. This Agreement contains the entire agreement between the parties to this settlement and the terms of this Agreement are contractual and not a mere recital.

## Governing Law

7. This Agreement will be governed by and construed in accordance with the laws of the Commonwealth of Pennsylvania.

## Termination of Legal Proceedings

8. This Agreement is also accepted by the Releasor in full and final satisfaction and settlement of any court proceedings with regard to the Dispute and all legal costs payable to the Releasor in connection with the court proceedings and the Releasor does hereby covenant, agree and represent that:

   a. The Releasor shall forthwith wholly discontinue the court proceedings.

**IN WITNESS WHEREOF** the Releasor and Releasee have duly affixed their signatures under hand and seal on this _12_ day of _January_, _2024_

Angelia Williams                                    WITNESS: _____

Baby Jenkins- Williams                              WITNESS: _____

Cherita Brown                                       WITNESS: _____

Commonwealth of Pennsylvania - Notary Seal
LEROY WIMBERLY, Notary Public
Philadelphia County
My Commission Expires August 26, 2026
Commission Number 1180410

Case ID: 250800159

# EXHIBIT D

Case ID: 250800015

CHERITA M BROWN
715 WEST FISHER AVENUE
PHILADELPHIA, PA 19120-2725


WILLIAMS ETAL VS GREER-GRAYSON ETAL
230900521

zlrordr 12282022



**IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**TRIAL DIVISION - CIVIL**

| | |
|---|---|
| **WILLIAMS ETAL** | **September Term 2023** |
| **VS** | **No. 00521** |
| **GREER-GRAYSON ETAL** | |

DOCKETED

FEB 2 7 2025

R. POSTELL
COMMERCE PROGRAM

### NOTICE OF SETTLEMENT CONFERENCE
### COMMERCE PROGRAM

This case is scheduled for an in-person Settlement Conference on 10-APR-2025 at 10:00 AM in room _____521_____ , City Hall, Philadelphia, PA 19107 before Judge Pro Tempore Josephine Patti, Esquire (the "JPT"). The following people must attend this Settlement Conference: 1) counsel knowledgeable about the case and with authority to settle; and 2) any unrepresented parties. Represented parties must be available in person, via telephone, or virtually during the Settlement Conference. Counsel is required to evaluate the case for settlement purposes and obtain appropriate authority for settlement prior to the conference.

No later than ten (10) days prior to the date of the Settlement Conference, counsel are required to serve a Settlement Memorandum of not more than 10 pages in length on the JPT via electronic mail at Josephine.Patti@courts.phila.gov. In addition, counsel must electronically file the same Memorandum with the court and serve a copy on all opposing counsel or pro se parties not electronically served by the court. To file the Settlement Memorandum electronically, access the "Existing Case" section of the court's electronic filing system. Select "Conference Submissions" as the filing type. Select "Settlement Memorandum" as the document type.

The Settlement Memorandum shall contain the following: the facts giving rise to the action; the theories of liability or defense; an itemization of damages claimed; current demand; current offer. Copies of relevant documents and expert reports shall be attached to the Settlement Memorandum. The parties may also submit via electronic mail additional, confidential, materials to the JPT alone. The JPT may report to the Team Leader for this case the result of the Settlement Conference.

If the case settles prior to the Conference, electronically file a settlement letter. To file the letter electronically, access the "Existing Case" section of the court's electronic filing system. Select "Conference Submissions" as the filing category. Select "Settlement Letter" as the document type.

Any questions should be directed to the Commerce Program Administrator at Rachel.Postell@courts.phila.gov and should include all counsel of record.

NOTGV-Williams Etal Vs Greer-Grayson Etal (RCP)

**BY THE COURT:**

**ABBE FLETMAN**
**JUDICIAL TEAM LEADER**

23090052100029

\\.RCP70153 Docket Code-CZSTP-Commerce-All Case Types 11-15-24

Case ID: 250800159

# EXHIBIT E

Case ID: 25080015



6:59    1 of 1

< 28

**Baby- Angie Wife** >

Fri, Jan 26 at 12:10 PM



She is refusing to talk to you, she claims that we Angie and I could have stopped you from putting her name on it in the beginning. Way before it got this far. So she mad as hell don't forget we would have never known anything about the court case on zoom. They would have won their case.

Cherita is on the defense now after receiving the papers in the mail with her name still on them after Angie and I demanded that she be taken off a year ago. She is pissed with me and Angie like we have been lying to her.

Sent from Yahoo Mail for iPhone

1 2 3 4 5 6 7 8 9 0

From lechter@lechtersasso.com
To Baby, Junkint & 2 more
Today at 11:31 AM

Good morning, Baby and Angie.

Ernest and I will take steps to remove Cherita from the lawsuit. We reiterate that we are releasing Cherita at your insistence, with a settlement agreement that is unsatisfactory and created by Cherita.

This will be transacted next week.

Baby, I hope you are feeling better and that release of Cherita will reduce your stress.

All the best,

Lynne Lechter, Esquire
LECHTER & SASSO, P.C.
*The International Attorneys*
1845 Walnut Street, 25th Floor
Philadelphia, Pennsylvania 19103
lechter@lechtersasso.com
T: 215.564.6000; F:215.564.6032
Cellular: 610.574.0114
www.lechtersasso.com

*AV PREEMINENT RATING BY MARTINDALE*

# FYI

Fri, Feb 9 at 7:11 PM



When get a chance can you give me a call

**12:09**

◀ Messages

<

 **Lynne Lechter**

**Releasing Cherita from the lawsuit**    ☆

From lechter@lechtersasso.com
To Baby Jenkins & 2 more
Today at 11:31 AM ⌄

Good morning, Baby and Angie.

Ernest and I will take steps to remove Cherita from the lawsuit. We reiterate that we are releasing Cherita at your insistence, with a settlement agreement that is unsatisfactory and created by Cherita.

This will be transacted next week.

Baby, I hope you are feeling better and that release of Cherita will reduce your stress.

All the best,

Lynne Lechter, Esquire
**LECHTER & SASSO, P.C.**
*The International Attorneys*
1845 Walnut Street, 25th Floor
Philadelphia, Pennsylvania 19103
lechter@lechtersasso.com
T: 215.564.6000; F:215.564.6002
**Cellular: 610.574.0114**
**www.lechtersasso.com**

**2024 AV PREEMINENT RATING BY MARTINDALE-HUBBELL (AVVO)**

| Thank you. | Sounds good. | Looking forward to it. |

 Delete     Archive     Move     Reply All     More

Case ID: 250800159

# EXHIBIT F

Case ID: 25080015

## IN THE COURT OF COMMON PLEAS
### FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### TRIAL DIVISION – CIVIL



Filed and Attested by the
Office of Judicial Records
05 DEC
S.            LIAM

**ANGELIA WILIAMS and BABY
JENKINS WILLIAMS**
Plaintiff(s)

Vs.

**MELISSA GREER-GRAYSON and
NEIGHBORS QUALITY HOME CARE, LLC and
CHERITA M. BROWN**
Defendant(s)

: **AUGUST** Term, **2023**

: No. **230900521**

:
:
:
:
:
:
:

## PRAECIPE TO ATTACH EXPERT WITNESS EVALUATION

To the Office of Judicial Records:

Kindly attach the business evaluation and resumé of Plaintiffs' expert
witness, Asad Khan.

BY: _Ernest Sasso_
Signature

**Ernest Sasso**
Print

Case ID: 250800159

# EXHIBIT G

**Cherita Brown**
**715 West Fisher Ave,**
**Philadelphia, Pa 19120**

**December 17, 2024**

**Via Email** (angiepwms@yahoo.com, babyjenkins11@yahoo.com)
**Angelia Williams And Baby Jenkin- Williams**
216 FIELDSTONE CROSSING DRIVE
BEAR DE 19701-1954

**Via Email** (sasso@lechtersasso.com , lechter@lechtersasso.com)
**Lynne Lechter And Ernie Sasso**
LECHTER & SASSO P.C.
1845 WALNUT ST.
25TH FLR.
PHILADELPHIA PA 19103
(215)564-6000

**Subject: Notice of Intent to Sue for Breach of Agreement**

Dear Angelia Williams and Baby Jenkins- Williams,

I am writing to formally notify you of my intent to initiate legal proceedings against you for breach of the agreement signed on **January 12, 2024**. This agreement **(A)** clearly stipulated that all court proceedings would be discontinued, yet your actions have violated its terms.

**Summary of Events:**

1. On **January 9, 2024,** Baby Jenkin- Williams provided documentation **(B)** via text message she notified her attorney **Lynne Lechter** on **January 8th 2024** that all fiduciary duties were fulfilled by Cherita Brown.

2. On **January 16, 2024,** Angelia Williams sent an email **(C)** that included a notarized copy of the agreement. This email also indicated that your attorneys, **Lynne Lechter** and **Ernie Sasso,** had received copies of the agreement.

3. On **January 26, 2024,** Baby Jenkin- Williams provided documentation **(D)** via text message confirming that litigation removal would be completed, based on the emailed response from your attorney **Lynne Lechter.**

Despite these assurances and the documentation provided, you have failed to comply with the terms of the agreement. Your actions have caused unnecessary harm and violated the agreement's intent.

**Legal Action and Remedies Sought:**

Unless this matter is resolved promptly, I will file a lawsuit against you for breach of contract and any associated damages.

**Additionally, I will file a formal complaint with the Pennsylvania Disciplinary Counsel regarding the conduct of your attorneys, Lynne Lecter and Ernie Sasso, for their apparent violations of the Pennsylvania Code, Title 204, Chapter 81, Rules of Professional Conduct. As attorneys, they bear an ethical responsibility to uphold the law, which they have seemingly failed to do.**

- **Rule 1.2. Scope of Representation and Allocation of Authority Between Client and Lawyer.**

Subject to paragraphs (c) and (d), a lawyer shall abide by a client's decisions concerning the objectives of representation and, as required by Rule 1.4, shall consult with the client as to the means by which they are to be pursued. A lawyer may take such action on behalf of the client as is impliedly authorized to carry out the representation. A lawyer shall abide by a client's decision whether to settle a matter.

- **Rule 3.3. Candor Toward the Tribunal.**

A lawyer shall not knowingly:

(1) make a false statement of material fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;

(2) fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel; or

(b) A lawyer who represents a client in an adjudicative proceeding and who knows that a person intends to engage, is engaging or has engaged in criminal or fraudulent conduct related to the proceeding shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal.

(c) The duties stated in paragraphs (a) and (b) continue to the conclusion of the proceeding, and apply even if compliance requires disclosure of information otherwise protected by Rule 1.6.

(d) In an ex parte proceeding, a lawyer shall inform the tribunal of all material facts known to the lawyer that will enable the tribunal to make an informed decision, whether or not the facts are adverse.

- **Rule 4.4. Respect for Rights of Third Persons.**

(a) In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use methods of obtaining evidence that violate the legal rights of such a person.

To avoid further legal action, I demand the following:

1. **Immediate compliance with the agreement signed on January 12, 2024.**

2. **Written confirmation of the resolution of all outstanding litigation, as indicated in prior communications.**

If I do not receive a satisfactory response within **14 days** of the date of this letter, I will proceed with legal action and file a formal complaint with the appropriate authorities.

I encourage you to resolve this matter promptly and professionally to avoid further escalation.

Sincerely,

Cherita Brown

A true and accurate copy of Agreement signed by Cherita Brown , Angelia Williams , Baby Jenkins - Williams  is attached **Exhibit A**

A true and accurate copy of text messages documentation provided by Baby Jenkins-Williams to Cherita Brown is attached **Exhibit B and D**

A true and accurate copy of email documentation provided by Angelia Williams to Cherita Brown is attached **Exhibit C**

A true and accurate copy of Case Docket as of December 16, 2024 Cherita Brown still attach as **Defendant**

Case ID: 25080

 **Gmail**

Cherita Brown <cheritanqhc@gmail.com>

## Intent to Sue Letter and Supporting Documentation

**Cherita Brown** <cheritanqhc@gmail.com>                                           Tue, Dec 17, 2024 at 9:12 AM
To: Angiepwms@yahoo.com, Baby Jenkins <babyjenkins11@yahoo.com>, Baby <babyabcsuperiorshh@gmail.com>, Angie
<angie.abcsuperiorshh@gmail.com>
Cc: lechter@lechtersasso.com, sasso@lechtersasso.com

Good Morning,

Please find attached a copy of my **Intent to Sue** for breach of agreement signed on January 12, 2024 , along with
supporting documentation labeled **Exhibit A-D** for your review.

Additionally , I have included a copy of the **Case Docket** , which still lists me as a Defendant as of December 16, 2024.

Should you have any questions or require further clarification , please feel free to contact me.

Cherita Brown

**6 attachments**

**Williams Intent to Sue Letter 1.pdf**
199K

**Exhibit C.pdf**
58K

**Exhibit A.pdf**
282K

**Exhibit D.pdf**
1368K

**Exhibit B.pdf**
766K

**Williams Case Docket.pdf**
1117K

Case ID: 2508001

# EXHIBIT H

Case ID: 2508001

 Gmail

Cherita Brown <cheritanqhc@gmail.com>

---

## Removal

**Lynne Lechter** <lechter@lechtersasso.com>                                Tue, Dec 17, 2024 at 1:14 PM
To: Cherita Brown <cheritanqhc@gmail.com>
Cc: Baby Jenkins <babyjenkins11@yahoo.com>, "angiepwms@yahoo.com" <angiepwms@yahoo.com>, Ernest Sasso
<sasso@lechtersasso.com>

Cherita,

Ernie just sent me a copy of the actual Notion to legally remove you from the case.

Lynne Kessler Lechter, Esquire
LECHTER & SASSO, P.C.
1845 Walnut Street, 25th Floor
Philadelphia, Pennsylvania 19103
lechter@lechtersasso.com
215-564-6000; F: 215-598-0977
M: 610-574-0114

---

📄 **Praecipe for Writ to Remove Cherita M. Brown as Defendant.pdf**
   82K

Case ID: 25080015

## IN THE COURT OF COMMON PLEAS
## OF PHILADELPHIA COUNTY, PENNSYLVANIA

ANGELIA WILLIAMS

and

BABY JENKINS WILLIAMS

              Plaintiffs,

        v.

MELISSA GREER-GRAYSON

and

NEIGHBORS QUALITY HOME CARE, LLC

and

CHERITA M. BROWN

           Defendants.

CIVIL ACTION
JURY TRIAL DIVISION

August Term, 2023
No. 230900521

This is Major Jury Matter

## PRAECIPE TO REMOVE DEFENDANT

TO THE PROTHONOTARY:

    Please issue a Writ to remove Cherita M. Brown as a Defendant in this action.

Case ID: 250800

Defendants                    Melissa Greer-Grayson
                              Neighbors Quality Home Care, LLC
                              Cherita M. Brown


                              Lechter & Sasso, P.C.

By:    *Ernest Sasso*
                              Ernest Sasso, Esquire
                              Pennsylvania Attorney I.D. No. 34883
                              Lynne Kessler Lechter, Esquire
                              Pennsylvania Attorney I.D. No. 59815
                              1845 Walnut Street, 25th Floor
                              Philadelphia, Pennsylvania 19103-4725
                              (215) 564-6000 [Telephone]
                              (215) 598-0977 [Fax]
                              sasso@lechtersasso.com [E-Mail]
                              lechter@lechtersasso.com [E-Mail]

                              Attorneys for Plaintiffs, Angelia Williams
                              and Baby Jenkins Williams

Dated:  July 3, 2024

2

Case ID: 250800159

# EXHIBIT I

 **Gmail**

Cherita Brown <cheritanqhc@gmail.com>

---

**Removal**

Cherita Brown <cheritanqhc@gmail.com>                                      Tue, Dec 17, 2024 at 2:00 PM
To: Lynne Lechter <lechter@lechtersasso.com>
Cc: Baby Jenkins <babyjenkins11@yahoo.com>, Angiepwms@yahoo.com, Ernest Sasso <sasso@lechtersasso.com>

Lynne,

I just got off the phone with the City of Philadelphia, and they confirmed that this documentation has **not** been filed with the Clerk of Records office.
As of today, 12/17/2024, I am still listed as a defendant.
However, I was informed that your law firm can submitted an electronic summation , which should be reflected on the case docket by Monday.

Could you please provide documentation once the Writ has been submitted and accepted by the Clerk of Records office?

Cherita Brown
Neighbors Quality Home Care
(O) 267-528-5908
(C) 215-207-7453

NOTICE: This confidential message/attachment contains information intended for a specific individual(s) and purpose. Any inappropriate use, distribution or copying is strictly prohibited.
If received in error, notify the sender and immediately delete the message.

> On Dec 17, 2024, at 1:14 PM, Lynne Lechter <lechter@lechtersasso.com> wrote:

[Quoted text hidden]
<Praecipe for Writ to Remove Cherita M. Brown as Defendant.pdf>

 Gmail

Cherita Brown <cheritanqhc@gmail.com>

---

**Removal**

Tue, Dec 17, 2024 at 2:22 PM

**Baby Jenkins** <babyjenkins11@yahoo.com>
To: Cherita Brown <cheritanqhc@gmail.com>

Dear Ms. Brown,

I understand your frustration regarding your status as a defendant. While I previously informed you that the lawsuit did not name you, the City of Philadelphia's confirmation that the documentation hasn't been filed yet is concerning. We are actively working to rectify this.

Our office submitted the electronic summation to remove you from the case, and we expect it to be reflected on the docket by Monday, December 23rd, 2024. Once the Clerk of Records office accepts the Writ, we will promptly provide you with the necessary documentation.

Separately, I want to address the outstanding debt of one thousand dollars. While this is a separate matter, we would appreciate it if you could arrange payment at your earliest convenience. Please contact me to discuss payment at your earliest convenient.

Sent from Yahoo Mail for iPhone
[Quoted text hidden]

Case ID: 2508001



No Items in Cart    LOGIN

**Civil Docket Report**

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

**Case ID:** 230900521
**Case Caption:** WILLIAMS ETAL VS GREER-GRAYSON ETAL
**Filing Date:** Wednesday, September 06th, 2023
**Court:** COMMERCE - STANDARD, JURY
**Location:** CITY HALL
**Jury:** JURY
**Case Type:** FRAUD
**Status:** LISTED-PROJ. SETTLEMENT CONF.

## Related Cases

*No related cases were found.*

## Case Event Schedule

| Event | Date/Time | Room | Location | Judge |
|---|---|---|---|---|
| PROJECTED SETTLEMENT CONF DATE | 03-MAR-2025 09:00 AM | CITY HALL | COURTROOM 630 | FLETMAN, ABBE F |
| PROJECTED PRE-TRIAL CONF. DATE | 07-APR-2025 09:00 AM | CITY HALL | COURTROOM 630 | FLETMAN, ABBE F |
| PROJECTED TRIAL DATE | 05-MAY-2025 09:00 AM | CITY HALL | COURTROOM 630 | FLETMAN, ABBE F |

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|---|
| 1 | | | | ATTORNEY FOR PLAINTIFF | SASSO, ERNEST |
| **Address:** | LECHTER & SASSO P.C. 1845 WALNUT ST. 25TH FLR. PHILADELPHIA PA 19103 (215)564-6000 sasso@lechtersasso.com | | **Aliases:** | *none* | |

Case ID: 2508001

| | | | | |
|---|---|---|---|---|
| 2 | | | DEFENDANT | GREER-GRAYSON, MELISSA |
| Address: | 11 KEENELAND COURT BEAR DE 19701-3320 | Aliases: | *none* | |
| | | | | |
| 3 | | | DEFENDANT | NEIGHBORS QUALITY HOME CARE LLC |
| Address: | 11 KEENELAND COURT BEAR DE 19701 | Aliases: | *none* | |
| | | | | |
| 4 | | | DEFENDANT | BROWN, CHERITA M |
| Address: | 715 WEST FISHER AVENUE PHILADELPHIA PA 19120-2725 | Aliases: | *none* | |
| | | | | |
| 5 | 1 | | PLAINTIFF | WILLIAMS, ANGELIA |
| Address: | 216 FIELDSTONE CROSSING DRIVE BEAR DE 19701-1954 | Aliases: | *none* | |
| | | | | |
| 6 | 1 | | PLAINTIFF | WILLIAMS, BABY JENKINS |
| Address: | 216 FIELDSTONE CROSSING DRIVE BEAR DE 19701-1954 | Aliases: | *none* | |
| | | | | |
| 7 | | 31-OCT-2023 | TEAM LEADER | ANDERS, DANIEL J |
| Address: | 529 CITY HALL PHILADELPHIA PA 19107 | Aliases: | *none* | |
| | | | | |
| 8 | | 12-JAN-2024 | TEAM LEADER | BRIGHT, GWENDOLYN N |
| Address: | 1208 STOUT CENTER FOR CJ 1301 FILBERT ST PHILADELPHIA PA 19107 | Aliases: | *none* | |
| | | | | |
| 9 | | | TEAM LEADER | FLETMAN, ABBE F |

| Address: | 606 CITY HALL PHILADELPHIA PA 19107 | Aliases: | *none* |
|---|---|---|---|

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount |
|---|---|---|---|
| 06-SEP-2023 05:52 PM | ACTIVE CASE | | |
| **Docket Entry:** | E-Filing Number: 2309009493 | | |
| 06-SEP-2023 05:52 PM | COMMENCEMENT CIVIL ACTION JURY | SASSO, ERNEST | |
| **Documents:** | ⚖ Click link(s) to preview/purchase the documents Final Cover | ⚖ Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | *none.* | | |
| 06-SEP-2023 05:52 PM | COMPLAINT FILED NOTICE GIVEN | SASSO, ERNEST | |
| **Documents:** | ⚖ Click link(s) to preview/purchase the documents Plaintiffs Complaint.pdf | ⚖ Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | |
| 06-SEP-2023 05:52 PM | JURY TRIAL PERFECTED | SASSO, ERNEST | |
| **Docket Entry:** | 12 JURORS REQUESTED. | | |
| 06-SEP-2023 05:52 PM | WAITING TO LIST CASE MGMT CONF | SASSO, ERNEST | |
| **Docket Entry:** | *none.* | | |
| 02-NOV-2023 02:13 PM | ATTEMPTED SERVICE - NOT FOUND | | |

Case ID: 250800

| Documents: | ⚙ Click link(s) to preview/purchase the documents<br>Affidavit of Service | 🛒 Click HERE to purchase all documents<br>related to this one docket entry |
|---|---|---|
| **Docket Entry:** | NEIGHBORS QUALITY HOME CARE LLC NOT FOUND ON 10/12/2023. | |

| 17-NOV-2023 02:37 PM | LISTED FOR CASE MGMT CONF | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 21-NOV-2023 12:31 AM | NOTICE GIVEN | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 28-NOV-2023 10:46 AM | CHANGE OF ADDRESS | | |
|---|---|---|---|
| Documents: | ⚙ Click link(s) to preview/purchase the documents<br>CHADD_9.pdf | 🛒 Click HERE to purchase all documents<br>related to this one docket entry | |
| **Docket Entry:** | NEIGHBORS QUALITY HOME CARE LLC ADDRESS UPDATED BY POSTAL NOTIFICATION....DOCUMENT REMAILED ON 11-28-23. | | |

| 04-DEC-2023 10:23 AM | CASE RESCHEDULED BY COURT | GIAMPAOLO, ANTHONY | |
|---|---|---|---|
| **Docket Entry:** | SERVICE TO BE EFFECTED/DOCKETED; CMCF MEMO TO BE FILED; APLF FTA CMCF; DEFT BROWN DID APPEAR | | |

| 06-DEC-2023 02:42 PM | LISTED FOR CASE MGMT CONF | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 08-DEC-2023 12:33 AM | NOTICE GIVEN | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

Case ID: 250800159

| 09-JAN-2024 10:27 AM | CASE MGMT CONFERENCE COMPLETED | FARBER, ARAM | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 09-JAN-2024 10:27 AM | CASE MANAGEMENT ORDER ISSUED | ° | |
|---|---|---|---|
| **Documents:** | ⚖ Click link(s) to preview/purchase the documents<br>CMOIS_14.pdf | 🖵 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | CASE MANAGEMENT ORDER STANDARD TRACK - AND NOW, 09-JAN-2024, it is Ordered that: 1. The case management and time standards adopted for standard track cases shall be applicable to this case and are hereby incorporated into this Order. 2. All discovery on the above matter shall be completed not later than 02-DEC-2024. 3. Plaintiff shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial to all other parties not later than 02-DEC-2024. 4. Defendant and any additional defendants shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial not later than 06-JAN-2025. 5. All pre-trial motions shall be filed not later than 06-JAN-2025. 6. A settlement conference may be scheduled at any time after 06-JAN-2025. Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following: (a) A concise summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant;(b) A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount; (c) Defendant shall identify all applicable insurance carriers, together with applicable limits of liability. 7. A pre-trial conference will be scheduled any time after 03-MAR-2025. Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following: (a) A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant; (b) A list of all witnesses who may be called to testify at trial by name and address. Counsel should expect witnesses not listed to be precluded from testifying at trial; (c) A list of all exhibits the party intends to offer into evidence. All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference. Counsel should expect any exhibit not listed to be precluded at trial; (d) Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount. This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and (e) Defendant shall state its position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability; (f) Each counsel shall provide an estimate of the anticipated length of trial. 8. It is expected that the case will be ready for trial 07-APR-2025, and counsel should anticipate trial to begin expeditiously thereafter. 9. All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this order. ...BY THE COURT: GWENDOLYN BRIGHT, J. |

# EXHIBIT K

Case ID: 250800159

 Gmail

Cherita Brown <cheritanqhc@gmail.com>

## Removal

Wed, Dec 18, 2024 at 11:10 AM

**Lynne Lechter** <lechter@lechtersasso.com>
To: Cherita Brown <cheritanqhc@gmail.com>
Cc: Baby Jenkins <babyjenkins11@yahoo.com>, "angiepwms@yahoo.com" <angiepwms@yahoo.com>, Ernest Sasso
<sasso@lechtersasso.com>

You are wrong. We are not your attorney.  We removed you and are not litigating you. I told you your name is never removed
 from the original lawsuit.
Lynne Kessler Lechter, Esquire
LECHTER & SASSO, P.C.
1845 Walnut Street, 25th Floor
Philadelphia, Pennsylvania 19103
lechter@lechtersasso.com
215-564-6000; F: 215-598-0977
M: 610-574-0114


On Dec 18, 2024, at 3:01 PM, Cherita Brown <cheritanqhc@gmail.com> wrote:


[Quoted text hidden]

Case ID: 2508001

 Gmail

Cherita Brown <cheritanqhc@gmail.com>

---

**Removal**

---

Cherita Brown <cheritanqhc@gmail.com>                                        Wed, Dec 18, 2024 at 10:00 AM
To: Lynne Lechter <lechter@lechtersasso.com>
Cc: Baby Jenkins <babyjenkins11@yahoo.com>, Anglepwms@yahoo.com, Ernest Sasso <sasso@lechtersasso.com>

Lynne ,

It was never communicated that you were out of the country. Additionally, the documents you provided to have me removed from the lawsuit were never filed with the court.
As the attorney representing Angie and Baby Williams, you have a legal obligation to comply with Pennsylvania law.

Your law firm, by its own admission via email, was made aware of the settlement between your clients and me early as January 2024. However, the documents you provided yesterday was dated July 2024.

We are now in December 2024, and I am still listed as a defendant, which is a clear violation of the terms of the settlement dated January 12, 2024.

All required resolutions must be completed by December 29, 2024, to avoid any further legal action.

Cherita Brown

Neighbors Quality Home Care
(O) 267-528-5908
(C) 215-207-7453

NOTICE: This confidential message/attachment contains information intended for a specific individual(s) and purpose. Any inappropriate use, distribution or copying is strictly prohibited.
If received in error, notify the sender and immediately delete the message.

> On Dec 18, 2024, at 9:20 AM, Lynne Lechter <lechter@lechtersasso.com> wrote:
>
> As I told you I am out of the country and we have never heard of what you are saying. Once we file to have a person removed it is the court's duty to proceed. However, we will go to the Court in the first of the year to follow up in person.
> [Quoted text hidden]

Case ID: 250800159

 **Gmail**

Cherita Brown <cheritanqhc@gmail.com>

---

## Removal

**Lynne Lechter** <lechter@lechtersasso.com>                         Wed, Dec 18, 2024 at 9:20 AM
To: Cherita Brown <cheritanqhc@gmail.com>
Cc: Baby Jenkins <babyjenkins11@yahoo.com>, "angiepwms@yahoo.com" <angiepwms@yahoo.com>, Ernest Sasso
<sasso@lechtersasso.com>

As I told you I am out of the country and we have never heard of what you are saying. Once we file to have a person
removed it is the court's duty to proceed. However, we will go to the Court in the first of the year to follow up in person.

Regarding your settlement. Ernie and I had nothing to do with it.  We don't know the terms and we didn't authorize it.

Accordingly, that is between you, Baby and Angie.

Best regards,

Lynne Lechter
Lynne Kessler Lechter, Esquire
LECHTER & SASSO, P.C.
1845 Walnut Street, 25th Floor
Philadelphia, Pennsylvania 19103
lechter@lechtersasso.com
215-564-6000; F: 215-598-0977
M: 610-574-0114


On Dec 17, 2024, at 7:00 PM, Cherita Brown <cheritanqhc@gmail.com> wrote:


[Quoted text hidden]

Case ID: 250800159

# EXHIBIT J

Case ID: 25080015

| 27-FEB-2025 11:09 AM | NOTICE GIVEN UNDER RULE 236 | | |
|---|---|---|---|
| **Docket Entry:** | NOTICE GIVEN ON 27-FEB-2025 OF NOTICE GIVEN ENTERED ON 27-FEB-2025 | | |
| | | | |
| 22-APR-2025 02:57 PM | DEFERRED - BANKRUPTCY | | |
| **Documents:** | ⚖ Click link(s) to preview/purchase the documents CLDBR_31.pdf | 🔲 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | CASE DEFERRED DUE TO BANKRUPTCY FILING OF DEFENDANT NEIGHBORS QUALITY HOME CARE, LLC BROUGHT TO THE ATTENTION OF THE JPT JOSEPHINE PATTI DURING THE SETTLEMENT CONFERENCE AND CONFIRMED BY THE JPT THROUGH PACER SEARCH. BANKRUPTCY CASE NUMBER 25-10023-AMC). | | |

▶Case Description   ▶Related Cases   ▶Event Schedule   ▶Case Parties   ▶Docket Entries

Search Home    Return to Results

Case ID: 250800159

| Docket Entry: | *none.* | | |
|---|---|---|---|
| | | | |
| 27-FEB-2025 11:08 AM | WAITING TO LIST SETTLMNT CONF | | |
| Docket Entry: | *none.* | | |
| | | | |
| 27-FEB-2025 11:09 AM | LISTED FOR SETTLEMENT CONF | | |
| Docket Entry: | *none.* | | |
| | | | |
| 27-FEB-2025 11:09 AM | NOTICE GIVEN | | |
| Documents: | ⚲ Click link(s) to preview/purchase the documents NOTGV_29.pdf | | Click HERE to purchase all documents related to this one docket entry |
| Docket Entry: | This case is scheduled for an in-person Settlement Conference on Thursday, April 10, 2025 at 10:00 AM in CONFERENCE ROOM 521, Philadelphia, PA 19107 before Judge Pro Tempore Josephine Patti, Esquire (the JPT). The following people must attend this Settlement Conference: 1) counsel knowledgeable about the case and with authority to settle; and 2) any unrepresented parties. Represented parties must be available in person, via telephone, or virtually during the Settlement Conference. Counsel is required to evaluate the case for settlement purposes and obtain appropriate authority for settlement prior to the conference. No later than ten (10) days prior to the date of the Settlement Conference, counsel are required to serve a Settlement Memorandum of not more than 10 pages in length on the JPT via electronic mail at Josephine.Patti@courts.phila.gov. In addition, counsel must electronically file the same Memorandum with the court and serve a copy on all opposing counsel or pro se parties not electronically served by the court. To file the Settlement Memorandum electronically, access the "Existing Case" section of the court's electronic filing system. Select "Conference Submissions" as the filing type. Select "Settlement Memorandum" as the document type. The Settlement Memorandum shall contain the following: the facts giving rise to the action; the theories of liability or defense; an itemization of damages claimed; current demand; current offer. Copies of relevant documents and expert reports shall be attached to the Settlement Memorandum. The parties may also submit via electronic mail additional, confidential, materials to the JPT alone. The JPT may report to the Team Leader for this case the result of the Settlement Conference. If the case settles prior to the Conference, electronically file a settlement letter. To file the letter electronically access the "Existing Case" section of the court's electronic filing system. Select "Conference Submissions" as the filing category. Select "Settlement Letter" as the document type. Any questions should be directed to the Commerce Program Administrator at Rachel.Postell@courts.phila.gov and should include all counsel of record. BY THE COURT: JUDICIAL TEAM LEADER | | |

| 12-JAN-2024 12:40 PM | NOTICE GIVEN UNDER RULE 236 | | |
|---|---|---|---|
| **Docket Entry:** | NOTICE GIVEN ON 17-JAN-2024 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 12-JAN-2024. | | |
| | | | |
| 12-JAN-2024 12:41 PM | TRANSFERRED TO COMMERCE | | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 12-JAN-2024 12:44 PM | REVISED CASE MGMT ORDER ISSUED | | |
| **Documents:** | ⚘ Click link(s) to preview/purchase the documents RVCMO_22.pdf | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | REVISED CASE MANAGEMENT ORDER - Be advised that the Case Management Order issued for the above-captioned action has been revised as follows: All discovery shall be completed not later than 02-DEC-2024. Plaintiff shall submit expert reports not later than 02-DEC-2024. Defendant shall submit expert reports not later than 06-JAN-2025. All pre-trial motions other than motions in limine shall be filed not later than 15-JAN-2025. A settlement conference will be scheduled any time after 03-MAR-2025. A pre-trial conference will be scheduled at any time after 07-OCT-2025. It is expected that this case shall be ready for trial by 05-MAY-2025. All other terms and conditions on the original Case Management Order will remain in full force and effect. ...BY THE COURT: ABBE FLETMAN, J. | | |
| | | | |
| 12-JAN-2024 12:44 PM | NOTICE GIVEN UNDER RULE 236 | | |
| **Docket Entry:** | NOTICE GIVEN ON 17-JAN-2024 OF REVISED CASE MGMT ORDER ISSUED ENTERED ON 12-JAN-2024. | | |
| | | | |
| 05-DEC-2024 12:21 PM | PRAECIPE-SUBSTITUTE/ATTACH | SASSO, ERNEST | |
| **Documents:** | ⚘ Click link(s) to preview/purchase the documents Praecipe to Attach Expert Witness Evaluation.pdf Plaintiffs Expert Report, Submitted on December 2, 2024.pdf Asad Khan - Resume.pdf Asad Khan, Chief Executive Officer.pdf | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | PRAECIPE TO SUBSTITUTE/ATTACH FILED. (FILED ON BEHALF OF BABY JENKINS WILLIAMS AND ANGELIA WILLIAMS) | | |
| | | | |
| 27-FEB-2025 11:08 AM | OTHER EVENT CANCELLED | | |

Case ID: 250800159

| 09-JAN-2024 10:27 AM | LISTED-PROJ. SETTLEMENT CONF. | | |
|---|---|---|---|
| Docket Entry: | *none.* | | |
| | | | |

| 09-JAN-2024 10:27 AM | LISTED-PROJ. PRE-TRIAL CONF | | |
|---|---|---|---|
| Docket Entry: | *none.* | | |
| | | | |

| 09-JAN-2024 10:27 AM | LISTED FOR TRIAL | | |
|---|---|---|---|
| Docket Entry: | *none.* | | |
| | | | |

| 09-JAN-2024 10:27 AM | NOTICE GIVEN UNDER RULE 236 | | |
|---|---|---|---|
| Docket Entry: | NOTICE GIVEN ON 09-JAN-2024 OF CASE MANAGEMENT ORDER ISSUED ENTERED ON 09-JAN-2024. | | |
| | | | |

| 09-JAN-2024 12:24 PM | AFFIDAVIT OF SERVICE FILED | SASSO, ERNEST | |
|---|---|---|---|
| Documents: | ⚖ Click link(s) to preview/purchase the documents<br>Proof of Service—Melissa Greer-Grayson, on October 3, 2023.pdf | 🖳 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON MELISSA GREER-GRAYSON BY PERSONAL SERVICE ON 10/03/2023 FILED. (FILED ON BEHALF OF ANGELIA WILLIAMS AND BABY JENKINS WILLIAMS) | | |
| | | | |

| 12-JAN-2024 12:40 PM | ORDER ENTERED/236 NOTICE GIVEN | FLETMAN, ABBE F | |
|---|---|---|---|
| Documents: | ⚖ Click link(s) to preview/purchase the documents<br>ORDER_20.pdf | 🖳 Click HERE to purchase all documents related to this one docket entry | |
| Docket Entry: | AND NOW, THIS 12TH DAY OF JANUARY 2024, IT IS ORDERED THAT THIS ACTION SHALL BE TRANSFERRED TO THE COMNERCE PROGRAM AS THE FACTS ALLEGED IN THE COMPLAINT SATISFY THE COMMERCE PROGRAM CRITERIA. A COMMERCE PROGRAM CASE MANAGEMENT ORDER - STANDARD TRACK WITH A DISCOVERY DEADLINE OF DECEMBER 2, 2024 WILL BE ISSUED. BY THE COURT: JUDGE FLETMAN, SUPERVISING JUDGE OF THE COMMERCE PROGRAM, 1/12/2024. | | |

| 09-JAN-2024 10:27 AM | LISTED-PROJ. SETTLEMENT CONF. | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 09-JAN-2024 10:27 AM | LISTED-PROJ. PRE-TRIAL CONF | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 09-JAN-2024 10:27 AM | LISTED FOR TRIAL | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 09-JAN-2024 10:27 AM | NOTICE GIVEN UNDER RULE 236 | | |
|---|---|---|---|
| **Docket Entry:** | NOTICE GIVEN ON 09-JAN-2024 OF CASE MANAGEMENT ORDER ISSUED ENTERED ON 09-JAN-2024. | | |

| 09-JAN-2024 12:24 PM | AFFIDAVIT OF SERVICE FILED | SASSO, ERNEST | |
|---|---|---|---|
| **Documents:** | ⚲ Click link(s) to preview/purchase the documents<br>Proof of Service---Melissa Greer-Grayson, on October 3, 2023.pdf | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON MELISSA GREER-GRAYSON BY PERSONAL SERVICE ON 10/03/2023 FILED. (FILED ON BEHALF OF ANGELIA WILLIAMS AND BABY JENKINS WILLIAMS) | | |

| 12-JAN-2024 12:40 PM | ORDER ENTERED/236 NOTICE GIVEN | FLETMAN, ABBE F | |
|---|---|---|---|
| **Documents:** | ⚲ Click link(s) to preview/purchase the documents<br>ORDER_20.pdf | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | AND NOW, THIS 12TH DAY OF JANUARY 2024, IT IS ORDERED THAT THIS ACTION SHALL BE TRANSFERRED TO THE COMNERCE PROGRAM AS THE FACTS ALLEGED IN THE COMPLAINT SATISFY THE COMMERCE PROGRAM CRITERIA. A COMMERCE PROGRAM CASE MANAGEMENT ORDER - STANDARD TRACK WITH A DISCOVERY DEADLINE OF DECEMBER 2, 2024 WILL BE ISSUED. BY THE COURT: JUDGE FLETMAN, SUPERVISING JUDGE OF THE COMMERCE PROGRAM, 1/12/2024. | | |

| 12-JAN-2024 12:40 PM | NOTICE GIVEN UNDER RULE 236 | | |
|---|---|---|---|
| **Docket Entry:** | NOTICE GIVEN ON 17-JAN-2024 OF ORDER ENTERED/236 NOTICE GIVEN ENTERED ON 12-JAN-2024. | | |

| 12-JAN-2024 12:41 PM | TRANSFERRED TO COMMERCE | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 12-JAN-2024 12:44 PM | REVISED CASE MGMT ORDER ISSUED | | |
|---|---|---|---|
| **Documents:** | Click link(s) to preview/purchase the documents RVCMO_22.pdf | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | REVISED CASE MANAGEMENT ORDER - Be advised that the Case Management Order issued for the above-captioned action has been revised as follows: All discovery shall be completed not later than 02-DEC-2024. Plaintiff shall submit expert reports not later than 02-DEC-2024. Defendant shall submit expert reports not later than 06-JAN-2025. All pre-trial motions other than motions in limine shall be filed not later than 15-JAN-2025. A settlement conference will be scheduled any time after 03-MAR-2025. A pre-trial conference will be scheduled at any time after 07-OCT-2025. It is expected that this case shall be ready for trial by 05-MAY-2025. All other terms and conditions on the original Case Management Order will remain in full force and effect. ...BY THE COURT: ABBE FLETMAN, J. | | |

| 12-JAN-2024 12:44 PM | NOTICE GIVEN UNDER RULE 236 | | |
|---|---|---|---|
| **Docket Entry:** | NOTICE GIVEN ON 17-JAN-2024 OF REVISED CASE MGMT ORDER ISSUED ENTERED ON 12-JAN-2024. | | |

| 05-DEC-2024 12:21 PM | PRAECIPE-SUBSTITUTE/ATTACH | SASSO, ERNEST | |
|---|---|---|---|
| **Documents:** | Click link(s) to preview/purchase the documents Praecipe to Attach Expert Witness Evaluation.pdf Plaintiffs Expert Report, Submitted on December 2, 2024.pdf Asad Khan - Resume.pdf Asad Khan, Chief Executive Officer.pdf | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | PRAECIPE TO SUBSTITUTE/ATTACH FILED. (FILED ON BEHALF OF BABY JENKINS WILLIAMS AND ANGELIA WILLIAMS) | | |

# EXHIBIT L

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: NEIGHBOR'S QUALITY HOMECARE, LLC : | : | Adv. Case No: _____ |
| | : | Case No.: 25-10023-amc |
| **Debtor** | : | |
| | : | Chapter 7 |
| | : | |

## ADVERSARY COMPLAINT OBJECTING TO ENTRY OF DISCHARGE
## PURSUANT TO 11 U.S.C. §§ 727(A) AND (C)

### TO THE COURT AND ALL PARTIES IN INTEREST:

Baby Jenkins and Angelia ("Ang") Williams (collectively, "Williams"), Plaintiffs and

Creditors of the above-named Debtor, Neighbor's Quality Homecare, LLC ("Defendant"),

hereby object to the entry of discharge in the above-entitled bankruptcy case pursuant to 11

U.S.C. § 727(a) and 727(c) and Rule 4004 of the Federal Rules of Bankruptcy Procedure,

and allege as follows:

### INTRODUCTION

1. This is an action to object to entry of discharge in the chapter 7 bankruptcy case of

   Defendant Neighbors Quality Health Care, LLC, case number 25-10023-amc,

   pending in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania.

2. Defendant is not eligible for discharge as a debtor in its bankruptcy case pursuant to

   11 U.S.C. §§ 727(a)(2)(A) and 727(a)(2)(B).

Case ID: 250800159

## JURISDICTION

3. This Court has jurisdiction of this adversary proceeding pursuant to 11 U.S.C. § 727.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2)(J).

## VENUE

5. Venue is proper under 28 U.S.C. § 1409.

## PARTIES

6. Plaintiff, Angelia Williams, ("Plaintiff Ang Williams") is an adult individual residing at 216 Fieldstone Crossing Drive, Bear, Delaware 19701-1954, along with her partner, Plaintiff Baby Jenkins Williams (individually and collectively, "Williams" or "Plaintiffs").

7. Plaintiff, Baby Jenkins Williams, ("Plaintiff Baby Williams") is an adult individual residing at 216 Fieldstone Crossing Drive, Bear, Delaware 19701-1954, along with her partner, Plaintiff Ang Williams (individually and collectively, "Plaintiffs", or the "Williams").

8. Defendant, Neighbors Quality Home Care, LLC ("Defendant Neighbors" or "Neighbors") is a Pennsylvania Domestic Limited Liability Company, organized and existing under the laws of the Commonwealth of Pennsylvania, with its registered office located at 1653 North 7th Street, Philadelphia, Pennsylvania 19122-2914.

Case ID: 250800159

## BACKGROUND AND FACTUAL ALLEGATIONS

9. On January 3, 2025, Defendant filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code ("Petition Date"), thereby initiating bankruptcy case number 25-10023-amc, in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania ("Bankruptcy Case").

10. This case involves a "bait and switch" fraud in the inducement, and an outright fraudulent business transaction perpetrated by Melissa Grayson (hereinafter "Grayson,") and by and through her homecare nursing company, Neighbor's Quality Homecare, LLC (hereinafter "Neighbors"). Grayson alleges and perjures herself, in her bankruptcy Chapter 7 petition, that she is the sole owner of Neighbors, but that is not true. Claimants Baby Jenkins and Ang Williams (hereinafter collectively referred to as "Williams",) are minority owners. Grayson has or had another owner/partner, Charita Brown (hereinafter "Brown") but Claimants have no knowledge of her current ownership status. However, on July 25, 2022, Grayson and Brown entered into a sales agreement whereby Brown would purchase 50% of Neighbors for Seventy-Five Thousand Dollars ($75,000) and be the sole owners of Neighbors. Please see Exhibit A.

11. From the terms of the Partnership Agreement, and the accompanying cancelled checks that are attached in Exhibit A, *infra*, it is clear that Williams paid Grayson and her then partner, Charita Brown, Thirty-five Thousand ($35,000.00) Dollars on September 22, 2022, and Thirty-five Thousand ($35,000.00) Dollars on September 23, 2022. As supported in the

3

Case ID: 250800159

contents of the Partnership Agreement, Sixty Thousand ($60,000.00) Dollars were for the purchase of a Twenty (20%) Percent Interest in the company known as Neighbors Quality Home Care, and the additional Ten Thousand (10,000.00) Dollars were for a loan to Grayson. Yet, Grayson never identified Williams in her Chapter 7 Filing on January 3, 2025, as partners and co-owners. Instead, she falsely listed Williams as a loan to be written off. Moreover, within the contents of the Partnership Agreement, Williams declared that the Partnership Agreement would be "Legally Binding" [please see Clause 5 of the Partnership Agreement]. Please also see Exhibit B, the Partnership Agreement between Grayson, Brown, and Williams, which is attached hereto and incorporated herein by reference. The fact that Grayson has lied about Williams' existence and part ownership does not make their ownership any less factual.

12. In the Partnership Agreement A, Clause 2, Grayson agreed that: "If Melissa Grayson breaches the terms of the contract, and fails to repay initial investments to partners, partners can attach a lien against Melissa Grayson's personal property located at 11 Keeneland Court, Bear, DE 19701-3320 for initial investment recovery." Yet again, Grayson completely ignores this contractual obligation in her Chapter 7 Bankruptcy Petition.

13. Immediately after Grayson received the $70,000.00 from Williams, she locked them out of Neighbors' registered office located at 1653 North 7th Street, Philadelphia, Pennsylvania 19122-2914, and severed all communications with them.

Case ID: 250800159

14. While Grayson has filed a Chapter 7 Bankruptcy in Pennsylvania because of the situs of Neighbors, registered office, it does not protect her primary residence because Grayson pledged the house as collateral for the Williams ownership. Please see Exhibit A, *supra*. Attempting to hide the collateral is another example of Grayson's overt pattern of fraud. However, if this Honorable Court deems that Delaware law controls regarding the pledge of her Delaware residence, Grayson is only permitted to keep the first Two Hundred Thousand Dollars ($200,000.00) of equity in her primary residence.

15. Another example of Grayson's deliberate attempt to defraud Williams was her clandestine negotiations with Citadel Home Care NJ, LLC (hereinafter "Citadel"). Citadel was interested in making a legal business deal with Neighbors. In fact, Grayson used Williams' contribution of $70,000.00 to deceive Citadel as to the true numbers of Neighbors' income stream. However, Grayson never mentioned Williams in her direct negotiations with Citadel, and definitely did not disclose that the Williams were her minority partners. +Please see Exhibit C, Membership Interest Partnership Agreement, dated November 23. 20220—a mere two months after receiving the $70,000.00 from Williams. Also, please note that Williams, then owning 20% of Neighbors, was not included in the Membership Interest Purchase Agreement between Neighbors and Citadel. Note that only Grayson signed the agreement on behalf of Neighbors. Grayson listed herself as "sole member, CEO and President" of Neighbors—all of which are total fabrications. Missing were the names of Brown, and Williams. Subsequently, Citadel, while

Case ID: 250800015

conducting a background check, discovered the existence of Williams and entered into direct negotiations with their legal counsel, totally independent of Grayson. Please note that despite Grayson falsely claiming that Charita Brown was directing all activities, legal and illegal, it is only Grayson's name that appears on the Purchase Agreement between Neighbors and Citadel. And it was solely Grayson who entered into negotiations on behalf of Neighbors.

16. In fact—and most egregious of all—was Grayson's double dealing with her erstwhile 40% partner, Sharita Brown. Grayson and Brown had concocted a scheme whereby extra income would be generated for Neighbors by Brown, submitting to Neighbors overtime charges that a single individual could not possibly fulfill. The scheme called for the charging of in-home care services, for services that were never performed. Grayson now claims that Sharita Brown duped her about the fraudulent up charging. But Grayson never stated or accused Brown of fraud during the negotiations of Williams purchase, nor did she blame Brown to the U. S. Government when Neighbors was charged with the employment fraud. The U.S Department of Labor charged only Grayson and Neighbors for fraud. Surely an innocent person would have brought the purported guilty party, Sharita Brown, into a lawsuit—please see Exhibit D, the Complaint filed by the United States Department of Labor against Neighbors and Melissa Grayson. But Grayson did not. Instead, Grayson signed a Consent Agreement with the Department of Labor, accepting total and sole guilt for violations of the Fair Labor Standards Act of 1938. Please see Exhibit E.

Case ID: 250800159

17. On September 6, 2023, Williams filed a lawsuit against Grayson, Neighbors, and Brown. Included in the lawsuit are counts for Breach of Contract, Breach of Fiduciary Duties, Fraud, and Tortious Conduct. Williams asserts and believes that the Chapter 7 Bankruptcy Petition filed by Grayson is a perpetuation of Grayson's fraudulent business dealings and a weaseling way to avoid her legal obligations to Williams. Accordingly, it should not be permitted. Please see Exhibit F, which is attached herewith and incorporated herein by reference.

18. Grayson's violent actions are also dangerous—*and* criminal. On or about November 7, 2023, Grayson got out of the car she was driving when she spotted Baby Williams stopping at a "Red" traffic light in front of her. She went over to Baby Williams' car, opened the left hand driver's door, and physically attacked Ms. Williams with enough force that Ms. Williams required immediate medical treatment. Corrine M. Rhodes, MD, MPH at Penn Medicine treated Ms. Williams within ten minutes after the vicious, unprovoked attack. Please see Exhibit G, the treatment letter from Dr. Rhodes.

19. Williams' investment share of Neighbors is now worth an estimated $560,000.00 as investigated, analyzed, and reported by Asad Kahn, who is an experienced financial analyst. Mr. Kahn's report was submitted to the undersigned counsel for Plaintiffs, Lechter & Sasso, P.C., on November 29, 2024. Asad Kahn's business evaluation and résumé are attached hereto and incorporated herein as Exhibit H.

Case ID: 250800159

## FIRST CAUSE OF ACTION—FRAUD IN THE INDUCEMENT TO SELL 20% OF NEIGHBORS TO WILLIAMS

(For a Determination That Defendant's Debts Are Not Dischargeable
Pursuant to 11 U.S.C. §727(a)(2)(A))

20. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 19 above, as though set forth fully herein.

21. Grayson deliberately set a trap for Williams so that they would give her "bridge funds", to entice Citadel to buy Neighbors at an inflated price, using the Seventy Thousand ($70,000.00) Dollars that Williams dispersed to her, believing that they were purchasing Twenty (20%) Per Cent of Neighbors. The Purchase Agreement, Exhibit A *supra,* proves that fact. By her own admission, in this Honorable Court, Grayson dismissed the purchase agreement "as just a loan." However, the terms of the "Purchase Agreement" explicitly refute that false statement. Grayson thought she could get away with lying about the Purchase Agreement, but the document speaks to the truth. Once Grayson locked out Williams, she proceeded with negotiations with Citadel as if she were the sole owner of Neighbors.

22. Also in the Creditors meeting held on February 3, 2025, Grayson "played dumb," stating that she didn't know what was transpiring at Neighbors because she was away getting an "advanced" degree. However, only Grayson dealt with Neighbors, as both Williams and Citadel have attested.

23. Upon information and belief, Defendant, with the intent to hinder, delay, or defraud the Plaintiff Creditors, transferred or removed, or permitted to be transferred or removed, Defendant's property.

Case ID: 250800159

24. By transferring or removing, or permitting the transfer or removal of, Defendant's property with the intent to hinder, delay, or defraud at least one of its creditors, Defendant violated the provisions of 11 U.S.C. § 727(a)(2)(A).

## SECOND CAUSE OF ACTION—FRAUD

(For a Determination That Defendant's Debts Are Not Dischargeable Pursuant to 11 U.S.C. §727(a)(2)(B))

25. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 19 above, as though set forth fully herein.

26. Grayson and Neighbors come to this court with unclean hands and have committed outright fraud. Grayson violated the labor laws of the United States Government for which she was caught and penalized through a consent decree, and defrauded our clients if not only the hard earned money they gave her for a percentage of the company, but also for the loan they gave her, and the return on the investment that she deprived them of earning. Moreover, Williams witnessed Grayson take funds from Neighbors, not for expanding the business but for large purchases of high-end fashion clothes.

27. Upon information and belief, Defendant, with the intent to hinder, delay, or defraud the Plaintiff Creditors, transferred or removed, or permitted to be transferred or removed, Neighbors' property interest.

28. By transferring or removing, or permitting the transfer or removal of, Defendant's property with the intent to hinder, delay, or defraud at least one of its creditors, Defendant violated the provisions of 11 U.S.C. § 727(a)(2)(B).

Case ID: 250800159

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the entry of judgment against Defendant as follows:

1. That the Court determine that the debts of Defendant be ruled nondischargeable because Defendant, with the intent to hinder, delay, or defraud a creditor, transferred or removed, or permitted to be transferred or removed, her property, within one year before the date of the filing of the petition in violation of the provisions of 11 U.S.C. § 727(a)(2)(A); and/or

2. That the Court determine that the debts of Defendant be ruled nondischargeable because Defendant, with the intent to hinder, delay, or defraud a creditor, transferred or removed, or permitted to be transferred or removed, her property, within one year before the date of the filing of the petition in violation of the provisions of 11 U.S.C. § 727(a)(2)(B);

3. For an award of attorney's fees as allowable by law in an amount the Court determines to be reasonable;

4. For costs of suit herein incurred; and

5. For such other and further relief as this Court deems just and proper.

Case ID: 250800159

Dated: April 4, 2025                      **LECHTER & SASSO, P.C.**

By:  _Ernest Sasso_
_____
Ernest Sasso, Esquire
Pennsylvania Attorney I.D. No. 34883

/lynneklechter/

_____
Lynne K. Lechter, Esquire
Pennsylvania Attorney I.D. No. 59815

Attorneys for Creditors Baby Jenkins and
Angelia ("Ang") Williams

Lechter & Sasso, P.C.
1845 Walnut Street, 25th Floor
Philadelphia, Pennsylvania 19103-4725
(215) 564-6000 [Telephone]
(215) 598-0977 [Fax]
sasso@lechtersasso.com [E-Mail]
lechter@lechtersasso.com [E-Mail]

Case ID: 250800159

# EXHIBIT M

Case ID: 250800159

 **Gmail**

Cherita Brown <cheritanqhc@gmail.com>

---

**Failure to Comply with Court Directive – Notice of Intent to Pursue Legal Action**

Cherita Brown <cheritanqhc@gmail.com>                                                     Wed, Apr 16, 2025 at 12:12 PM
To: Lynne Lechter <lechter@lechtersasso.com>, Anglepwms@yahoo.com, Baby Jenkins <babyjenkins11@yahoo.com>,
Ernest Sasso <sasso@lechtersasso.com>

Good Morning Attorneys Lynn Lechter and Ernie Sasso,


On April 10, 2025, you received clear and concise instructions from Judge Pro
Tempore J. Patti regarding the removal of myself Cherita Brown from the litigation.
However, upon review of the civil docket as of today, April 16, 2025, it appears that no
action has been taken to comply with the court's directive.


This inaction reflects a concerning disregard for your responsibilities as legal counsel
and a failure to fulfill your professional obligations in this matter. As a result, I am
compelled to move forward with litigation for breach of contract and negligent
misrepresentation.


Please govern yourselves accordingly.

Cherita Brown
President
Neighbors Quality Home Care
(O) 267-528-5908
(C) 215-207-7453


NOTICE: This confidential message/attachment contains information intended for a specific individual(s) and purpose.
Any inappropriate use, distribution or copying is strictly prohibited.
 If received in error, notify the sender and immediately delete the message.

Case ID: 250800159

 Gmail

Cherita Brown <cheritanqhc@gmail.com>

---

## Failure to Comply with Court Directive – Notice of Intent to Pursue Legal Action

Lynne Lechter <lechter@lechtersasso.com>                                    Wed, Apr 16, 2025 at 4:15 PM
To: Cherita Brown <cheritanqhc@gmail.com>, "Angiepwms@yahoo.com" <Angiepwms@yahoo.com>, Baby Jenkins
<babyjenkins11@yahoo.com>, Ernest Sasso <sasso@lechtersasso.com>

Ms. Brown,

If you recall, the Judge gave us a week to file the motion removing you from the case.  That will be done.
However, we are mystified as how you can identify yourself as President of Neighbors Quality Home Care
when that entity has filed a Chapter 7 Bankruptcy.  Accordingly, we are forwarding  a copy of your letter to
the Bankruptcy Court.

*Lynne Kessler Lechter, Esquire*
LECHTER & SASSO, P.C.
1845 Walnut Street, 25th Floor
Philadelphia, Pennsylvania 19103

610-574-0114

---

From: Cherita Brown <cheritanqhc@gmail.com>
Sent: Wednesday, April 16, 2025 12:12 PM
To: Lynne Lechter <lechter@lechtersasso.com>; Angiepwms@yahoo.com <Angiepwms@yahoo.com>; Baby
Jenkins <babyjenkins11@yahoo.com>; Ernest Sasso <sasso@lechtersasso.com>
Subject: Failure to Comply with Court Directive – Notice of Intent to Pursue Legal Action

[Quoted text hidden]

Case ID: 250800159

 **Gmail**

Cherita Brown <cheritanqhc@gmail.com>

---

## Failure to Comply with Court Directive – Notice of Intent to Pursue Legal Action

Cherita Brown <cheritanqhc@gmail.com>                                      Wed, Apr 16, 2025 at 5:15 PM
To: Lynne Lechter <lechter@lechtersasso.com>
Cc: Angiepwms@yahoo.com, Baby Jenkins <babyjenkins11@yahoo.com>, Ernest Sasso <sasso@lechtersasso.com>

Lynn,
Dear Attorneys Lechter and Sasso,

Thank you for your response.

I am aware that the Judge allowed a one-week period for filing the motion regarding my removal from the case. However, as of today, April 16, 2025—six days after the directive—there is still no indication of compliance on the civil docket. I trust this matter will be addressed without further delay.

Regarding your comments about my role as President of Neighbors Quality Home Care, please note that my title and involvement with the entity remain a matter of record and relevance, regardless of the Chapter 7 filing. Your concerns in that regard are noted; however, I reserve all rights to address any mischaracterizations or implications through the appropriate legal channels.

Should you choose to forward correspondence to the Bankruptcy Court, I expect that it will be done in accordance with all applicable rules and procedures. Please include your clients 20% partner agreement that gives them 20% ownership of Neighbors Quality Homecare.

Cherita Brown
President
Neighbors Quality Home Care
(O) 267-528-5908
(C) 215-207-7453

NOTICE: This confidential message/attachment contains information intended for a specific individual(s) and purpose. Any inappropriate use, distribution or copying is strictly prohibited.
If received in error, notify the sender and immediately delete the message.

On Apr 16, 2025, at 4:15 PM, Lynne Lechter <lechter@lechtersasso.com> wrote:

[Quoted text hidden]

Case ID: 250800015

# EXHIBIT N

Case ID: 250800159





Civil Docket Report

A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 230900521 |
| **Case Caption:** | WILLIAMS ETAL VS GREER-GRAYSON ETAL |
| **Filing Date:** | Wednesday, September 06th, 2023 |
| **Court:** | COMMERCE - STANDARD, JURY |
| **Location:** | CITY HALL |
| **Jury:** | JURY |
| **Case Type:** | FRAUD |
| **Status:** | DEFERRED - BANKRUPTCY |

## Related Cases

*No related cases were found.*

## Case Event Schedule

| Event | Date/Time | Room | Location | Judge |
|---|---|---|---|---|
| PROJECTED TRIAL DATE | 05-MAY-2025 09:00 AM | CITY HALL | COURTROOM 646 | ERDOS, MICHAEL |

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | SASSO, ERNEST |
| **Address:** LECHTER & SASSO P.C. 1845 WALNUT ST. 25TH FLR. PHILADELPHIA PA 19103 (215)564-6000 sasso@lechtersasso.com | | **Aliases:** | *none* | |
| 2 | | | DEFENDANT | GREER-GRAYSON, MELISSA |
| **Address:** 11 KEENELAND COURT BEAR DE 19701-3320 | | **Aliases:** | *none* | |

Case ID: 250800159

| 3 | | | DEFENDANT | NEIGHBORS QUALITY HOME CARE LLC |
|---|---|---|---|---|
| **Address:** | 11 KEENELAND COURT BEAR DE 19701 | **Aliases:** | *none* | |

| 4 | | | DEFENDANT | BROWN, CHERITA M |
|---|---|---|---|---|
| **Address:** | 715 WEST FISHER AVENUE PHILADELPHIA PA 19120-2725 | **Aliases:** | *none* | |

| 5 | 1 | | PLAINTIFF | WILLIAMS, ANGELIA |
|---|---|---|---|---|
| **Address:** | 216 FIELDSTONE CROSSING DRIVE BEAR DE 19701-1954 | **Aliases:** | *none* | |

| 6 | 1 | | PLAINTIFF | WILLIAMS, BABY JENKINS |
|---|---|---|---|---|
| **Address:** | 216 FIELDSTONE CROSSING DRIVE BEAR DE 19701-1954 | **Aliases:** | *none* | |

| 7 | | 31-OCT-2023 | TEAM LEADER | ANDERS, DANIEL J |
|---|---|---|---|---|
| **Address:** | 529 CITY HALL PHILADELPHIA PA 19107 | **Aliases:** | *none* | |

| 8 | | 12-JAN-2024 | TEAM LEADER | BRIGHT, GWENDOLYN N |
|---|---|---|---|---|
| **Address:** | 1208 STOUT CENTER FOR CJ 1301 FILBERT ST PHILADELPHIA PA 19107 | **Aliases:** | *none* | |

| 9 | | 04-APR-2025 | TEAM LEADER | FLETMAN, ABBE F |
|---|---|---|---|---|
| **Address:** | 606 CITY HALL PHILADELPHIA PA 19107 | **Aliases:** | *none* | |

Case ID: 250800159

| 10 | | | TEAM LEADER | ERDOS, MICHAEL |
|---|---|---|---|---|
| **Address:** | 532A CITY HALL PHILADELPHIA PA 19148 | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount |
|---|---|---|---|
| 06-SEP-2023 05:52 PM | ACTIVE CASE | | |
| **Docket Entry:** | E-Filing Number: 2309009493 | | |
| | | | |
| 06-SEP-2023 05:52 PM | COMMENCEMENT CIVIL ACTION JURY | SASSO, ERNEST | |
| **Documents:** | Click link(s) to preview/purchase the documents Final Cover | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | *none.* | | |
| | | | |
| 06-SEP-2023 05:52 PM | COMPLAINT FILED NOTICE GIVEN | SASSO, ERNEST | |
| **Documents:** | Click link(s) to preview/purchase the documents Plaintiffs Complaint.pdf | Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | |
| | | | |
| 06-SEP-2023 05:52 PM | JURY TRIAL PERFECTED | SASSO, ERNEST | |
| **Docket Entry:** | 12 JURORS REQUESTED. | | |
| | | | |
| 06-SEP-2023 05:52 PM | WAITING TO LIST CASE MGMT CONF | SASSO, ERNEST | |
| **Docket Entry:** | *none.* | | |

Case ID: 250800159

| 02-NOV-2023 02:13 PM | ATTEMPTED SERVICE – NOT FOUND | | |
|---|---|---|---|
| **Documents:** | ♣ Click link(s) to preview/purchase the documents<br>Affidavit of Service | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | NEIGHBORS QUALITY HOME CARE LLC NOT FOUND ON 10/12/2023. | | |

| 17-NOV-2023 02:37 PM | LISTED FOR CASE MGMT CONF | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 21-NOV-2023 12:31 AM | NOTICE GIVEN | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 28-NOV-2023 10:46 AM | CHANGE OF ADDRESS | | |
|---|---|---|---|
| **Documents:** | ♣ Click link(s) to preview/purchase the documents<br>CHADD_9.pdf | 🛒 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | NEIGHBORS QUALITY HOME CARE LLC ADDRESS UPDATED BY POSTAL NOTIFICATION....DOCUMENT REMAILED ON 11-28-23. | | |

| 04-DEC-2023 10:23 AM | CASE RESCHEDULED BY COURT | GIAMPAOLO, ANTHONY | |
|---|---|---|---|
| **Docket Entry:** | SERVICE TO BE EFFECTED/DOCKETED; CMCF MEMO TO BE FILED; APLF FTA CMCF; DEFT BROWN DID APPEAR | | |

| 06-DEC-2023 02:42 PM | LISTED FOR CASE MGMT CONF | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 08-DEC-2023 12:33 AM | NOTICE GIVEN | | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 09-JAN-2024 10:27 AM | CASE MGMT CONFERENCE COMPLETED | FARBER, ARAM | |
|---|---|---|---|
| **Docket Entry:** | *none.* | | |

| 09-JAN-2024 10:27 AM | CASE MANAGEMENT ORDER ISSUED | | |
|---|---|---|---|
| **Documents:** | 🔍 Click link(s) to preview/purchase the documents<br>CMOIS_14.pdf | 🖰 Click HERE to purchase all documents related to this one docket entry | |
| **Docket Entry:** | CASE MANAGEMENT ORDER STANDARD TRACK - AND NOW, 09-JAN-2024, it is Ordered that: 1. The case management and time standards adopted for standard track cases shall be applicable to this case and are hereby incorporated into this Order. 2. All discovery on the above matter shall be completed not later than 02-DEC-2024. 3. Plaintiff shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial to all other parties not later than 02-DEC-2024. 4. Defendant and any additional defendants shall identify and submit curriculum vitae and expert reports of all expert witnesses intended to testify at trial not later than 06-JAN-2025. 5. All pre-trial motions shall be filed not later than 06-JAN-2025. 6. A settlement conference may be scheduled at any time after 06-JAN-2025. Prior to the settlement conference all counsel shall serve all opposing counsel and file a settlement memorandum containing the following: (a) A concise summary of the nature of the case if plaintiff or of the defense if defendant or additional defendant;(b) A statement by the plaintiff or all damages accumulated, including an itemization of injuries and all special damages claimed by categories and amount; (c) Defendant shall identify all applicable insurance carriers, together with applicable limits of liability. 7. A pre-trial conference will be scheduled any time after 03-MAR-2025. Fifteen days prior to pre-trial conference, all counsel shall serve all opposing counsel and file a pre-trial memorandum containing the following: (a) A concise summary of the nature of the case if plaintiff or the defense if defendant or additional defendant; (b) A list of all witnesses who may be called to testify at trial by name and address. Counsel should expect witnesses not listed to be precluded from testifying at trial; (c) A list of all exhibits the party intends to offer into evidence. All exhibits shall be pre-numbered and shall be exchanged among counsel prior to the conference. Counsel should expect any exhibit not listed to be precluded at trial; (d) Plaintiff shall list an itemization of injuries or damages sustained together with all special damages claimed by category and amount. This list shall include as appropriate, computations of all past lost earnings and future lost earning capacity or medical expenses together with any other unliquidated damages claimed; and (e) Defendant shall state its position regarding damages and shall identify all applicable insurance carriers, together with applicable limits of liability; (f) Each counsel shall provide an estimate of the anticipated length of trial. 8. It is expected that the case will be ready for trial 07-APR-2025, and counsel should anticipate trial to begin expeditiously thereafter. 9. All counsel are under a continuing obligation and are hereby ordered to serve a copy of this order upon all unrepresented parties and upon all counsel entering an appearance subsequent to the entry of this order. ...BY THE COURT: GWENDOLYN BRIGHT, J. | | |