## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Neighbor's Quality Homecare LLC,<br><br>*Debtor*. | Case No. 25-10023-amc<br>Chapter 7 |
| Baby Jenkins, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>Neighbor's Quality Homecare LLC,<br><br>*Defendant*. | Adversary No. 25-00135-amc |

**Motion to Dismiss Adversary Complaint**

Defendant Neighbor's Quality Homecare LLC, through its attorney, moves under Fed. R. Bankr. P. 7012(b), Fed. R. Civ. P. 12(b)(5) and 12(b)(6), and Local Bankr. R. 7005-1(b) to dismiss the Complaint in the above matter for insufficient service of process and failure to state a claim upon which relief can be granted. The Defendant consents to entry of a final order or judgment by the Court.

**Legal Standard**

The Court must dismiss a complaint when service of process is insufficient. Fed. R. Civ. P. 12 (b)(5) (incorporated by Fed. R. Bankr. P. 7012). The Court must also dismiss a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6) (incorporated by Fed. R. Bankr. P. 7012). When reviewing a motion to dismiss, the Court must (1) take note of the elements that must be pleaded to state a claim, (2) identify and then disregard conclusory statements disguised as facts, and (3) decide whether all well-pleaded factual allegations (which the Court must assume are true) plausibly give rise to an entitlement to relief. *In re Swarthmore Grp.*,

667 B.R. 258, 269 (Bankr. E.D. Pa. 2025) (citing *Connelly v. Lane Const.*, 809 F.3d 780, 787 (3d Cir. 2016)).

## Facts

The Defendant, a limited liability company, is the debtor in the above bankruptcy case, which the Defendant filed voluntarily under chapter 7 and has not since converted to any other chapter. On April 4, 2025, the Plaintiffs filed the Complaint, which requests that the Court deny the Defendant a discharge under 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(2)(B).

The Clerk issued a Summons on April 7, 2025, setting an answer date of May 7, 2025. Since issuance of that summon, no return of service, certificate of service, or other proof that the Summons and Complaint were served on the Defendant in accordance with Fed. R. Bankr. P. 7004 has been filed on the docket.

## Argument

A. **The Complaint must be dismissed for insufficient service of process.**

Because no evidence of service has been filed on the docket, the Plaintiffs have not carried their burden of demonstrating that the Defendant was properly served with the Summons and Complaint. For that reason, the Complaint must be dismissed.

B. **The Complaint must be dismissed because it fails to state a claim upon which relief can be granted.**

The Defendant is a corporation as contemplated by 11 U.S.C. § 101(9)(A)(i). Corporate debtors are not eligible for a discharge under chapter 7. *See* 11 U.S.C. § 727(a)(1). Thus, the Defendant is not eligible for a discharge here. Because the Defendant is not eligible for a discharge, "the dischargeability of its debts is irrelevant." *In re J&J Towne Pharmacy*, 2000 WL 568355, at *6 (Bankr. E.D. Pa. May 5, 2000). The Complaint does not state a claim upon which relief can be

granted because the Court cannot deny a discharge that the Defendant is already not entitled to receive.

Because the Complaint requests relief that is legally impossible, its factual allegations, even if accepted as true, do not state a claim upon which relief can be granted. No amendments can change that. For that reason, the Complaint must be dismissed with prejudice.

## Conclusion

For all these reasons, the Defendant respectfully requests that the Court:

1. dismiss the Complaint under Fed. R. Civ. P. 12(b)(5) for insufficient service of process; or, in the alternative,

2. dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted; and, in any event

3. grant other and further relief in the Defendant's favor, if necessary and proper under the law.

Date: September 23, 2025                **SADEK LAW OFFICES, LLC**

By: /s/ Michael I. Assad
Michael I. Assad
1500 JFK Boulevard, Suite 220
Philadelphia, PA 19102
215-545-0008
michael@sadeklaw.com

*Attorney for Defendant*